SMITH (CHAMBERS v.). See Case No. 2,-582.

---

## Case No. 13,022.
### SMITH v. CHASE.
[3 Cranch, C. C. 348.] [1]
Circuit Court, District of Columbia. Dec. Term, 1828.

JUSTICE OF PEACE—BILL OF EXCEPTIONS.

Upon a jury trial before a justice of the peace, under the act of congress of March 1, 1823 [3 Stat. 743], "to extend the jurisdiction of justices of the peace in the recovery of debts in the District of Columbia," the justice is not bound to sign a bill of exceptions, as no writ of error, or appeal, will lie in such a case.

Appeal from a justice of the peace, whose judgment was given upon the verdict of a jury summoned by his order, under the fifteenth and sixteenth sections of the act of congress of March 1, 1823 (3 Stat. 743), "to extend the jurisdiction of justices of the peace in the recovery of debts in the District of Columbia." At the trial, the defendant tendered a bill of exceptions to an opinion of the justice, upon a point of law, which the justice refused to sign, and a motion was now made to compel him to sign it.

Mr. Ashton, for appellant, (the original defendant.) The statute of Westminister (13 Edw. I. c. 31) applies to all courts whose judgments may be reversed by writ of error, or writ of false judgment. Bac. Abr. tit. "Bill of Exceptions"; 2 Inst. 427; 1 Archb. Prac. 230. The justice's court is a court of common law and of record; for, by the act of 1823 (section 3) he is bound to keep a docket, and "therein to record and make regular entries of their proceedings," and they have power to fine and imprison for contempts.

Mr. Elkins, contra. A writ of error will only lie to a court originating from the common law. It does not lie to a court of summary jurisdiction. Tidd, Prac. c. 43. See Maryland Laws 1715, c. 12; 1753, c. 13;

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

1757, c. 11; 1760, c. 10; 1763, c. 21; 1791, c. 68; 1798, c. 70. These acts show that the justices' courts are statutory courts. They have no common-law jurisdiction. A certiorari only lies to such courts; but a certiorari does not lie after issue joined and venire awarded. The third section of the act of congress only requires the justice to keep a docket, and therein record his proceedings. This does not make his court a court of record. He could certify nothing but a copy of his judgment. Congress did not intend to give an appeal in cases tried by a jury. The trial by jury was given in lieu of an appeal. The justice is bound to give judgment according to the verdict.

Mr. Ashton, in reply. By the common law, in a jury-trial, the judge is obliged to give his opinion to the jury, if he be required so to do by either party. By the seventh section of the act, an appeal is given in all cases where the debt or demand exceeds the sum of five dollars. No exception is made of cases tried by jury; and boni judicis est ampliare jurisdictionem, to carry into effect the intention of the legislature.

THE COURT, (nem. con. but THRUSTON, Circuit Judge, doubting,) was of opinion that a writ of error would not lie to the judgment of a justice of the peace upon the verdict of the jury, and that he was not bound to sign a bill of exceptions.

CRANCH, Chief Judge. The court is of opinion that the motion must be overruled. Before I proceed to give the reasons which induce me to concur in the decision of the court in this cause, it is proper that I should state that those reasons are exclusively my own, and that the court is not responsible for them. Several questions arise in this cause. Does an appeal lie to this court from the judgment of a justice of the peace, given upon the verdict of a jury? If an appeal lies in such a case, in what manner shall the cause be tried here? By the court, or by a jury? If this court cannot re-examine the fact here, can it re-examine the law of the case? And how is the question of law to be judicially brought before this court, separated from the fact? And how can this court judicially know the facts upon which the question of law is to be raised? The jurisdiction given to justices of the peace in cases of small debts, is a special authority given by the statute. They have no civil common-law jurisdiction. Their cognizance of such causes is exclusive. No writ of error, nor habeas corpus, nor certiorari, will bring those causes into this court. Hartley v. Hooker, Cowp. 523. By the 6th section of the act, the judges of this court are expressly forbidden to hold original plea in cases within the jurisdiction of the justices of the peace; and it is only in cases of which the superior courts have concurrent jurisdiction with the inferior courts, that a writ of habeas corpus cum causa, or of certiorari will

lie, at common law, to remove the cause from the inferior to the superior court. A writ of error lies only to a court of record, after judgment. It does not lie to the county court nor to the court of chancery, proceeding according to equity, because they are not courts of record. Co. Litt. 288b; Brooke, Abr. "Error," 95; 1 Rolle, Abr. p. 744, G. 1, 2; 37 Hen. VI. p. 13. "Wherever a new jurisdiction is erected by act of parliament, and the court or judge that exercises this jurisdiction acts as a court, or judge of record, according to the course of common law, a writ of error lies to their judgments; but where they act in a summary method, and in a new course different from the common law, there a writ of error lies not, but a certiorari." Groenvelt v. Burwell, 1 Salk. 200, 263, 396. "Wherever there is a jurisdiction erected with power to fine and imprison, that is a court of record, and what is there done is matter of record." Same case, 1 Salk. 200, 396. The jurisdiction given to justices of the peace, as single magistrates, being a new and special jurisdiction, to be exercised in a summary way, and not according to the course of the common law, a writ of error, at common law, would not lie to their judgments, nor a writ of false judgment; therefore a bill of exceptions could not be demanded under the statute of Westminster 2 (13 Edw. I. c. 31;) 2 Inst. 246. But whatever might be the jurisdiction of the superior courts of common law in England, this court, which is the creature of the statute, can only exercise such jurisdiction as is given to it by the statute. Its appellate jurisdiction over the judgments of justices of the peace, is derived entirely from the 7th section of the act of the 1st of March, 1823; by which it is enacted, "That in all cases where the debt or demand doth exceed the sum of five dollars, and either the plaintiff or defendant shall think him or herself aggrieved by the judgment of any justice of the peace, he or she shall be at liberty to appeal to the next circuit court to be held in the county in which the said judgment shall have been rendered, before the judges thereof; who are hereby, upon the petition of the appellant, in a summary way, empowered and directed to hear the allegations and proofs of both parties, and determine upon the same according to law and the right and equity of the matter;" "and either of the said parties may demand a trial by jury, or leave the cause to be determined by the court, at their election."

The only means by which a cause can be brought up from the justice of the peace to this court, is an appeal; which is a term, and mode of proceeding, borrowed from the civil law, and unknown to the common law. By the civil law an appeal brings up the whole cause, fact as well as law, to the appellate court: the judgment below is entirely vacated; the cause commences de novo in the appellate court, where the plaintiff, (or actor,) is allowed to make new allegations, and pro-

duce new evidence; "Non allegata allegare, et non probata probare." That this is also the meaning of the term, and the effect of the process, as used in the statute, is evident from its provisions, that the court should in a summary way hear the allegations and proofs of the parties, and determine both the fact and the law of the case. By the 15th and 16th sections of the act, when the sum demanded shall exceed twenty dollars, either of the parties, after issue joined, and before the justice shall proceed to inquire into the merits of the cause, may demand a trial by a jury, whereupon the justice is "required to issue a venire; and to swear the jury, well and truly to try the matter in difference between the parties, and a true verdict give according to evidence." "And the jury, being sworn, shall sit together and hear the proofs and allegations of the parties, in public, and when the same is gone through with, the justice shall administer to the constable" an oath to keep the jury together in a private room, &c., until they shall have agreed on their verdict, when they are to deliver the same publicly to the justice, who is "required to give judgment forthwith, thereon." It will be perceived, that upon a demand of a trial by jury, the cause is taken entirely out of the hands of the justice. He is obliged to summon and swear the jury, and to render judgment according to their verdict. No authority is given him to instruct the jury upon matter of law or fact, nor to set aside their verdict and grant a new trial.[1]

It seems to me that he acts as ministerially in entering the judgment upon the verdict, as the clerk of this court does, in entering its judgments. The jury are not bound by the opinion of the justice upon matter of law; nor do I perceive that he has a right to say what evidence they shall hear. If they disregard his opinion as to the law, or hear evidence which he disapproves, no new trial can be granted. They are to try the matter in difference between the parties; whether it be matter of law, or matter of fact. The jury seems to be a complete substitute for the justice, as to the trial of the cause. If a jury be not required by either party, the justice is to decide the fact as well as the law. If a jury be demanded, they are to decide the law as well as the fact. The right of appeal is given only to him who may think himself aggrieved by the judgment of the justice; not by the verdict of the jury. No man can think himself aggrieved by the judgment of a justice who exercises no judgment at all; who has no discretion—no choice—no will; but who is bound by law to enter up judgment according to the will of another. The 7th section, which gives the right of appeal, de-

clares the mode of proceeding thereupon in the appellate court. That mode of proceeding is coextensive with the right of appeal; and if there be a case in which the appellate court cannot constitutionally proceed in that mode, it is fair to presume that the legislature did not mean to give an appeal in such a case. This construction of the statute seems to me not only reasonable in itself, but is the only construction which will make it consistent with the constitution of the United States, the 7th amendment of which declares that "No fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of common law." The only appellate jurisdiction given to this court is that which is given by the 7th section of the act; and that is a summary jurisdiction; not according to the rules of the common law. It is a jurisdiction to hear the allegations and proofs of the parties, and to determine upon the same, both as to fact and law; unless either party should demand a trial by jury; and to re-examine a fact by a jury, in an appellate court, which has been once tried by a jury in the court below, is not according to the rules of the common law. By that law, a fact, once tried by a jury, cannot be re-examined but in the same court by a new trial granted by that court. It would, therefore, be equally a violation of the constitution if this court should re-examine the fact in a summary way, either with or without a jury. See Parsons v. Bedford, 3 Pet. [28 U. S.] 446–448.

As, therefore, the act has not given this court any constitutional means of re-examining the facts, in such a case; and has given this court appellate jurisdiction over the judgments of a justice of the peace, only by appeal, which brings up the facts as well as the law, I think there is strong ground to conclude that the legislature did not intend to give an appeal in any case where the cause should be tried by a jury in the court below.

The position occupied by the 15th and 16th sections, (which is at the close of the act,) leads us to suppose that they were added as an amendment of the original bill as it was first drawn; and this is historically known to be the fact. The 7th section, when reported, did not contemplate a trial by jury before the justice. Although this circumstance is not a legitimate ground of construction, yet it corroborates the construction drawn from the language of the act itself, which, in its letter as well as its spirit, applies only to those cases in which the act of the justice is the real cause of the supposed grievance. It is objected, that this construction of the act puts it in the power of either party to deprive the other of an appeal, by demanding a trial by jury before the justice. This is true, but it is because it makes a case in which an appeal is not given; the trial by jury being substituted for it. The one prevents what the other was intended to remedy, namely, the erroneous judgment of the justice.

---

[1] Such was the limited authority of the steward in the court-baron of the manor; and of the sheriff in the torn. See Erskine's argument (in Case of Shipley, Dean of St. Asaph,) on the rights of juries. Volume 1, New York Ed. 1813) p. 155.

Being, then, of opinion that an appeal, in this case, is not given by the statute; and that this court has no common-law appellate jurisdiction to revise the judgments of justices of the peace, either by writ of error, writ of false judgment, habeas corpus, or certiorari,—I think the appellant has no right to require the justice to sign the bill of exceptions; that this court cannot compel him to do so; and that the appeal should be dismissed, with costs.

[NOTE. An action of debt on the appeal bond was afterwards instituted by Chase. The defendant, Smith, demurred, but the demurrer was overruled. Case No. 2,629.]