JOHN TRACEY, Jr., Appellant, *v.* SAMUEL CORSE, Respondent.

The power of summary sale conferred upon a collector of internal revenue, by section 48 of the internal revenue act of 1864 (13 U. S. Stat. at Large, 238), as amended by section 9 of the act of 1866 (14 U. S. Stat. at Large, 112), is ministerial, and a sale made by a collector in a case not within the statute neither divests nor confers a title; only property seized under and in the cases mentioned in said section are subject to this power.

[*] 55 N. Y., 150.

The title to property as to which an act of forfeiture has been committed under said act is not divested *eo instanti* upon the commission of the offence or by the seizure, but only by the judgment or decree of a court having jurisdiction in the premises ascertaining and declaring the forfeiture.

A collector of internal revenue seized a barge which was fitted up for and used in the illicit manufacture of spirits, and upon the ground that the expense of keeping was very great, made application to the assessor, and after proceedings as directed in said section 48 a sale thereof was ordered by the assessor, which was had, and the barge was purchased by plaintiff and delivered to him by the collector. Defendant claimed under a title subsequently acquired from the person who owned the barge when the seizure was made. In an action to recover possession of the barge, *held*, that the barge was not liable to seizure under said section as it was not an article upon which a tax had been imposed, nor was it a tool, implement or instrument, within the meaning of said section; that the sale was therefore, void, and plaintiff acquired no title.

Plaintiff produced in evidence a decree of the United States District Court, in proceedings by information against the avails of the sale of the barge, showing the seizure, sale, attachment of the proceeds and notice to all persons claiming the same, declaring the proceeds condemned as forfeited, and adjudging that the seizure and sale and all proceedings thereon be in all things confirmed. *Held*, that this decree did not establish as against the defendant the forfeiture, or the validity of the collector's sale. 1st. Because the court did not have the custody of the barge, nor was it subject to its process, nor did the decree adjudicate directly that it was forfeited. 2d. Because only those claiming an interest in the proceeds were notified to appear, and as defendant made no claim thereto he had neither actual nor constructive notice, was not called upon to defend his title, and it was not affected by the decree.

Before a court can adjudge the forfeiture of property under proceedings *in rem*, the owner must have actual or constructive notice, otherwise the proceedings are void.

(Argued April 30, 1874; decided September 22, 1874.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, in favor of defendant, entered upon an order denying motion for a new trial and directing judgment on a verdict.

This was an action to recover possession of a barge named the " Franklin."

Plaintiff claimed title under a sale by a United States collector of internal revenue.

He gave in evidence a bill of sale to him, dated August 3, 1868, executed by Alexander Spaulding, collector of internal revenue. This recited that,·on the 2d day of June, 1868, he caused the barge to be seized, she being at that time fitted up for and actually engaged in the business of illicitly manufacturing spirits in violation of the internal revenue laws; that the expense of keeping her was very great; that on the 22d day of June, 1868, he applied to the assessor to have the barge appraised; that on the 26th day of June, 1868, the assessor appraised the barge; that on the twenty-seventh the collector notified the owners to execute a bond equal to the assessed value; that they neglected to do so; that the collector applied to the assessor for an order to sell; that the assessor issued such order, and that the collector had sold the barge to the plaintiff August 3, 1868. The plaintiff also gave in evidence the application made June 22, 1868, by the collector to the assessor, which states that the barge was engaged in the illicit manufacture of spirits, and requesting an appraisal under section 48 of internal revenue laws. Next, the plaintiff gave in evidence the assessor's appraisal, by which he appraised the barge and contents at $3,000. The plaintiff gave in evidence the assessor's order to the collector to sell, in which he recites that the barge with its contents was appraised at $3,000, and recites that it was seized for being engaged in illicit distillation of spirits. The plaintiff also gave in evidence certain proceedings in the United States court, commenced December 22, 1868, against " six hundred and eighteen thirty one-hundredth dollars," stated in the information to be the " proceeds of a quantity of distilled spirits, certain raw materials and a still, tools and the barge Franklin." The marshal attached these proceeds of the sale December 22, 1868, and returned to the monition that he had given due notice to all persons claiming the same. On the 29th of January, 1869, no person appearing, a decree was granted reciting all the proceedings, including the seizure and sale, and adjudging that the proceeds were con-

demned as forfeited to the United States; also adjudging that the seizure and sale to plaintiff be confirmed.

Defendant claimed title under a sale of the barge, upon a chattel mortgage dated May 12, 1868, executed by one Roach, the owner of the barge at the time of its seizure. It was seized and sold under the mortgage on the 30th December, 1868, purchased by defendant and delivered to him, and was in his possession at the time of the commencement of this action.

Upon the trial plaintiff offered to prove that at the time of the seizure of the barge an illicit distillery was being run on board of her, which evidence was objected to and excluded.

The court directed a verdict in favor of defendant, submitting to the jury simply the question as to value of the barge and damages for detention.

Further facts appear in the opinion.

*A. H. Dana* for the appellant. The proceedings by the collector against the vessel and the decree of the United States District Court, of forfeiture, are conclusive and cannot be questioned in this action. (Laws 1864, § 48; Laws 1866, § 14; Laws 1868, § 5; Laws 1864, § 179; 2 Brightly's Dig., 307; id., 310; id., 326; id., 306; *Slocum* v. *Mayberry,* 2 Wheat., 1: *Gelston* v. *Hoyt,* 3 id., 246; *U. S.* v. *Distilled Spirits,* 8 Inter. Rev., 81; *U. S.* v. *Fifty-six Bbls. Whisky,* 1 Abb. [U. S.], 93; *U. S.* v. *Thirty-three Bbls. Spirits,* id., 311; *The Gov. Cushman,* id., 14; *Elliott* v. *Piersol,* 1 Pet., 328; *Thompson* v. *Tolme,* 2 id., 157; *Voorhees* v. *Bk. U. S.,* 10 id., 449; *Erwin* v. *Lowry,* 7 How. [U. S.], 172; *U. S.* v. *Arredondo,* 6 Pet., 691; *Delassus* v. *U. S.,* 9 id., 117; *Strothers* v. *Lucas,* 12 id., 410; *Phil. and T. R. R. Co.* v. *Stimpson,* 14 id., 418; *Wood* v. *U. S.,* 16 id., 342; *Taylor* v. *U. S.,* 3 How. [U. S.], 197; *Minter* v. *Crommelin,* 18 id., 87; *D'Ivernois* v. *Leavitt,* 8 Abb., 59; *C. C. Bk.* v. *Judson,* 8 N. Y., 254; *Bangs* v. *Duckinfield,* 18 id., 592; *Rushu* v. *Sherman,* 20 Barb., 416; *People* v. *Stryker,* 24 id., 649; *Stanton* v. *Ellis,* 2 Kern., 575.)

*Dennis McMahon* for the respondent. The sale was without authority of law and void, and conveyed no title to plaintiff. (14 Stat. at Large, 112; 15 id., § 166, p. 105.) The decree of the United States District Court affirming the sale by the mortgagee was not *res adjudicata* upon plaintiff's right to the barge. (39 N. Y., 441; *The Mary,* 9 Cranch, 126, 144.) The sale could not be made valid so as to affect the rights of *bona fide* purchasers, without notice to or appearance by the party whose rights were affected. (*Williams* v. *Merle,* 11 Wend., 80; *Tolme* v. *Thompson,* 3 Cranch, 123; 16 J. R., 159.) The condemnation, if valid, could not deprive a *bona fide* owner or mortgagee of his vested lien on the barge. (*U. S.* v. *One Water Cask,* 10 Int. Rev., 93; 14 Stat. at Large, 107, 109; *Peisch* v. *Wade,* 4 Cranch, 347; *U. S.* v. *Polly and Nancy,* 1 Am. L. J., 483; *The Gov. Cushman,* 1 Abb. [U. S.], 14; *St. Iago de Cuba,* 9 Wheat., 209; *The Florence,* 1 B. & H., 52; *U. S.* v. *One Hundred Bbls.,* etc., 2 Abb. [U. S.], 305; *U. S.* v. *Thirty-three Bbls. of Spirits,* 1 id., 311; *U. S.* v. *Three Hundred and Ninety-six Bbls.,* 3 Int. Rev., 123; *C. C. Bk.* v. *Judson,* 8 N. Y., 254; *Dobson* v. *Pearce,* 12 id., 156.) The condemnation of the barge cannot be affirmed because the law, under which the forfeiture occurred, expired before the sale took place. (Act of July, 1868, § 105; *The Rachel* v. *U. S.,* 6 Cranch, 329.) Plaintiff should have proved a demand of the defendant before suit was brought for the property. (*Barrett* v. *Warren,* 2 Hill, 348; *Jessup* v. *Miller,* 1 Keyes, 321.)

ANDREWS, J. The plaintiff claims title to the barge "Franklin," as purchaser at a sale at public auction, made in the city of New York, August 2, 1868, by one Alexander Spaulding, a collector of internal revenue, by whom the barge, in June previous, had been seized for an alleged forfeiture incurred under the internal revenue law of the United States, in that she was, at the time of the seizure, fitted up and used in the business of the illicit manufacture of spirits. The collector assumed to act, in making the sale, under

the authority conferred by the forty-eighth section of the act
of Congress relating to internal revenue, passed June 30,
1864, as amended by the ninth section of the act of July 13,
1866. That section declares that the collector or deputy col-
lector of internal revenue may seize any goods, articles or
objects on which taxes are imposed by law, found in the pos-
session or within the control of any person in fraud of the
internal revenue laws, or with the design to avoid the pay-
ment of taxes; and that the same shall be forfeited to the
United States; and also all raw materials found in the pos-
session of any person under the circumstances specified in
the statute; "and all tools, implements, instruments and per-
sonal property whatsoever in the place or building, or within
any yard or inclosure where such articles or such raw mate-
rials shall be found." The section also provides that pro-
ceedings to enforce the forfeiture shall be in the nature of a
proceeding *in rem*, in the Circuit or District Court of the
United States, where the seizure is made, or in any other
court of competent jurisdiction. The articles seized, the sec-
tion declares, may, at the option of the collector, be delivered
to the marshal of the district, and shall remain in his care and
custody until he shall obtain possession by process of law;
but a proviso is made that when the property so seized may
be liable to perish, or become greatly reduced in value by keep-
ing, or when it cannot be kept without great expense, a sale
may be had on the application of the collector to the assessor,
and upon the proceedings being taken as provided in the sec-
tion; and the proceeds of the sale, after deducting costs of the
seizure and sale, are to be paid into court, to abide its final
order, decree, or judgment.

It is quite obvious, I think, that the sale of the barge was
not authorized by this section of the statute. It was
not liable to seizure under it. It was not an object or
thing upon which a tax was imposed, nor was it a tool,
implement or instrument, within the meaning of the statute.
The sale provided for in the forty-eighth section is a sale
of property liable to seizure under that section. The barge

was liable, perhaps, to seizure under the fourteenth section of the act of 1866, as a vessel used for the deposit or concealment of taxable articles in fraud of the statute, but this does not appear to have been the ground of seizure; and if it had been, the collector is only authorized to make a summary sale of property seized under the provisions of the forty-eighth section.   The sale was therefore void.

The power of sale conferred upon a collector is ministerial and not judicial; and a sale made by a collector, in a case not within the statute, neither divests nor confers any title.   It is to be assumed, in view of the proof offered on the trial and rejected, that the barge was liable to forfeiture when the seizure was made, and that the seizure was lawful.   But the title of the owner of property as to which an act of forfeiture has been committed under the internal revenue laws, is not divested *eo instanti*, upon the commission of the offence, or by the seizure, but by the judgment or decree of a court having jurisdiction in the premises, ascertaining and declaring the forfeiture.   It is true, that the statute declares that property, under certain circumstances, shall be forfeited, but it also provides that proceedings to enforce the forfeiture shall be taken in the courts of the United States.   Whatever may be the true view as to the time when the forfeiture takes place, it is by the judgment alone that it can be ascertained and determined.   If the government may be deemed to have an inchoate title from the time the offence is committed, it is not consummated until after a judicial condemnation.   And, if after a seizure the possession is abandoned by the government, and a decree of forfeiture is not obtained, the title and the right of possession is in the original owner.   This is, I think, a fair deduction from the authorities. (*Slocum* v. *Mayberry*, 2 Wheat., 1; *Gelston* v. *Hoyt*, 3 id., 246; *U. S.* v. *Grundy*, 3 Cranch, 350; *Same* v. 1,960 *Bugs of Coffee*, 8 id., 398; *Caldwell* v. *U. S.*, 8 How., 366–381.)

The defendant derives title from the person who owned the barge when the seizure was made.   The plaintiff, as has

been shown, acquired no title under the collector's sale. He cannot therefore recover possession of the barge from the defendant, unless he can show that the assumed title under that sale has in some way been confirmed and made conclusive upon the defendant.

The plaintiff, to establish this, produced in evidence the record of a decree of the District Court of the United States for the southern district of New York, made January 29, 1869, in proceedings by information, commenced in that court December 22, 1868, against $618, alleged to be the proceeds of the barge " Franklin," etc. The information recited the seizure by the collector of the barge and also of a quantity of distilled spirits, as forfeited to the United States, and the special grounds upon which it was made, and it also alleged that the proceeds were in the custody of the collector, and prayed process of attachment to bring the property within the custody of the court and of monition to the parties interested, that due proceedings being had the barge and property might be condemned by decree of forfeiture and the proceeds distributed, etc.

The marshal in his return of the monition, January 12, 1869, certifies that he had attached the proceeds therein described, and had given due notice to all persons claiming the same, that the court on a day named would proceed to the trial and condemnation thereof, should no claim be interposed to the same. The decree recites the return of the monition, and that the default of all persons had been entered, and adjudges that the "six hundred and eighteen dollars, proceeds of the barge Franklin, etc," be condemned as forfeited. The decree then recites the seizure by the collector, and the sale to the plaintiff, and concludes by declaring and adjudging that the seizure and the sale and all proceedings therein, be in all things confirmed. This decree, it is insisted, conclusively establishes against all the world the forfeiture of the " Franklin," and the validity of the collector's sale. Without entering to any considerable extent into the difficult and perplexing learning upon the

subject of the estoppel of judgments, and the distinction between those *in rem* and *in personam*, there are, I think, two reasons against giving to this decree the effect claimed for it against the defendant: First, the court pronouncing it did not have the custody of the barge, nor was it subject to its process, and the decree does not adjudicate directly that it was forfeited; and, second, the only persons summoned, or notified by the marshal to appear were those claiming an interest in the proceeds of the collector's sale. The collector on the sale delivered the barge to the plaintiff, and it was never afterward in the possession of the government, nor was it at any time within the custody of the court.

The general principle is well established that a court proceeding *in rem* must have the custody of the *res* in order to pronounce a valid judgment. The purpose of a proceeding *in rem* is to fix the *status* of the property or thing which is the subject of the inquiry irrevocably, as to all the world, and to ascertain the right of all possible claimants, and possession of the thing by the court which pronounces upon it is in general indispensable. (*The Josefa Segunda,* 10 Wheat., 312; *Taylor* v. *Carryl,* 20 How., 599; *Jennings* v. *Carson,* 4 Cranch, 2; *The Mary,* 9 id., 144.)

The defendant did not claim the proceeds of the sale of the barge. Such a claim was adverse to the title which he asserted. He had neither actual nor constructive notice that the court claimed any jurisdiction over or would proceed to pronounce the forfeiture of the vessel, and indeed it did not do so. The judgment of the District Court was conclusive on the question before it, viz., the ownership of the proceeds, and however essential it may have been in the determination of that question to pass upon the *status* of the barge and its liability to forfeiture, the barge itself was not the *res*, and the title to it was not affected by the decree.

That the proceeding is *in rem*, does not dispense with the rule of universal justice, that a party shall not be condemned without an opportunity to be heard. It is true that he is

not entitled to personal notice before a court can adjudge the forfeiture of his property, but he must have notice, either actual or constructive, of the proceeding or it will be void. The custody of the *res* may be constructive notice that the court having possession will proceed to adjudicate upon it, and notice may be given in this way or by publication, according to the usual practice of the court, and then he is bound to defend or assert his rights if he has any. Notice in this way may never in fact reach him; in many cases the giving of personal notice is impracticable, nor is it required, but the rule requiring notice, either actual or constructive is fundamental and ought never to be departed from.

The question as to who was entitled to the proceeds of the barge, was one with which the defendant had no concern, if in fact, as he claimed, the sale from which the proceeds came was void. He was not called upon to defend his title to the barge under a proceeding to determine the right to the proceeds. (*Bradstreet* v. *Neptune Ins. Co.*, 3 Sum., 607; *Lessee of Boswell* v. *Dickerson*, 4 McLean, 267; *Woodruff* v. *Taylor*, 20 Vt., 65.)

The judgment should be affirmed.

All concur.

Judgment affirmed.