## THE FLAVILLA.[1]

### GILL v. PACKARD.[1]

*(Circuit Court, E. D. Louisiana. June, 1883.)*

ADMIRALTY—DESTRUCTION OF PROPERTY WHILE IN CUSTODY.

> Where a *res* is seized by judicial process in admiralty for a debt, which carries with it a *jus in re*, as between debtor and creditor, the destruction of the seized property, without fault of the debtor, works a payment of the debt to the extent of its value. The destruction of the debtor's property under such circumstances operates as a payment up to its value, precisely as would its sale and the application of its proceeds. Unless there was a residuum of value over and above the valid claims rightfully interposed against the *res*, its destruction worked no injury and gave the owner no right of action.

The defendant, S. B. Packard, when United States marshal of the then district of Louisiana, seized the steam-boat Flavilla under an admiralty warrant issued by the district court. In the admiralty action, in due time, a default was entered, and thereupon a decree condemning the vessel for a number of claims, aggregating more than her value. A writ of *venditioni exponas* was issued to the marshal, and pending proceedings thereunder the vessel sank and became a wreck, which was sold under the writ for a trifling amount. This suit was brought against the marshal by the owners of the Flavilla for her value, and

[1] Reported by Joseph P Hornor, Esq., of the New Orleans bar.

a peremptory exception of no cause of action was filed for the defendant.

In Admiralty.

*Wm. F. Mellen*, for plaintiff.

*J. R. Beckwith*, for defendant.

BILLINGS, J. This cause having been heretofore submitted upon the peremptory exception to the petition and amended petition, and the same having been duly considered by the court, the court declares—

1. That it appears that the vessel, which is alleged to have been the property of the plaintiff, for the destruction of which damages are sought to be recovered, had been seized under a proceeding *in rem*, and that the claims of the libelants and the intervenors in said proceeding, which were asserted in and upon said vessel, were largely in excess of the value of said vessel as stated by the petitioner; and that it is not stated in said petition that there was any value to said vessel above the amount of said claims so made and binding; nor is it denied that all of said claims were valid.

2. That where a *res* is seized by a judicial process for a debt, which carries with it a *jus in re*, as between debtor and creditor, the maxim *domino periit res* means that the destruction of the seized property, without fault of the debtor, works a payment of the debt to the extent of its value. Where third parties voluntarily join the seizing creditor in his proceeding, and unite, so to speak, in the seizure, also asserting claims which carry with them liens, the destruction of the property without fault of the debtor works a payment of their respective claims to the extent of the value of the property destroyed in the order of the priority of their claims; that the destruction of the debtor's property, under such circumstances, operates as a payment up to its value precisely as would its sale and the application of its proceeds.

3. And, consequently, that unless there was a residuum of value over and above the valid claims rightfully interposed against the *res* it perished for the owners of them, and its destruction worked no injury and gave no right of action to the plaintiff.

It is, therefore, ordered, adjudged, and decreed that the said peremptory exception is good and valid in law; that it be maintained; and that the petition herein be dismissed at the cost of the plaintiff.