DOUGLAS A. PARK, Appellant, *v.* HENRY I. HAYDEN, Respondent.

*Depreciation, through the neglect of the United States marshal, of a steam tug levied upon under an attachment — action in the State court, when maintainable against him therefor — averments of the complaint.*

The owner of a steam tug seized by a United States marshal under an attachment issued out of the United States District Court, who alleges that, by reason of the negligence of the marshal in failing to exercise proper care for its protection against thieves and the elements the tug depreciated in value to such an extent that it was sold under the judgment of the District Court for $45, and that if he had used proper care it would have sold for at least $490 in excess of all claims and demands existing against it and all costs and expenses, may maintain an action in the Supreme Court of the State of New York against the marshal to recover such sum of $490.

The fact that the complaint in such an action does not aver the proceedings resulting in the judgment of the Federal court and its effect, but simply that the libelant's claim was adjusted at the sum of $1, that the costs could not have exceeded $50, and that the marshal's fees could in no event exceed $250, does not render it defective, as such facts may be made to appear either by the judgment or by other competent proof.

APPEAL by the plaintiff, Douglas A. Park, from a judgment of the County Court of Kings county in favor of the defendant, entered in the office of the clerk of the county of Kings on the 28th day of June, 1899, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury.

*Reuben H. Underhill,* for the appellant.

*John J. Allen,* for the respondent.

HATCH, J.:

The complaint appears to have been dismissed upon a motion made on the opening of the case, and the ground of the dismissal seems to have been that the complaint failed to state facts sufficient to constitute a cause of action. The theory of the action is based upon tort, and by the averments of the complaint it appears that the defendant is a United States marshal; that upon the 18th day of April, 1896, he seized and took possession of the steam tug *Evona* under a process of attachment issuing out of the United States District Court of the eastern district of New York at the instance of Mary L. Raynor as libelant; that the value of the tug,

with her engines, tackle, apparel, etc., was at least the sum of $2,000. The complaint further alleges that while defendant was in possession of said tug he negligently permitted thieves to despoil it of its apparel, tackle and furniture, in the complaint particularly specified, and otherwise permitted said tug to remain exposed to the elements without proper protection; that by reason of such acts the said tug became depreciated in value in at least the sum of $1,000 over and above what would have been the ordinary depreciation had the defendant exercised proper care in its protection. While the complaint does not aver in terms that the proceeding resulted in a judgment directing the sale of the tug, it does, however, allege that the same was sold by the defendant by virtue of said writ of attachment on the 23d day of November, 1896, and that the sum realized upon such sale was $45. The complaint further avers that the claim of the libelant has been adjusted and determined to be the sum of $1, together with costs, which will not exceed the sum of $50; and that the marshal's fees, while not yet taxed, as required by law, could not be allowed at a greater sum than $250; and that there are no further or other liens or claims, either adjudged, filed or otherwise, which constitute liens against said tug. The complaint further avers that if the defendant had taken due and proper care of the said tug while in his possession, the same would have brought upon a sale at least the sum of $490 in excess of all claims and demands arising under the proceeding or otherwise, including all fees and expenses; and that by reason of such negligence on the part of the defendant the plaintiff has suffered damage in the sum of $490, for which sum he demands judgment, together with costs.

While the complaint is inartificially drawn, it is clearly to be gathered from its averments that its purpose is to recover damages for the claimed tortious acts of the defendant in negligently caring for the vessel after its seizure, whereby the plaintiff suffered damage entirely independent of any demand which the libelant could enforce, or of any other charges which might have been enforced in the District Court against the vessel. This claim is quite different from any right which might exist to follow the proceeds of the vessel in the District Court, or of any right existing in such court to enforce such claim in the proceeding by virtue of which the tug was seized.

It was conceded upon the argument that the State courts possessed jurisdiction of such an action in a case where the averments of the complaint were sufficient to properly establish the same, and such concession seems to be supported by authority; for while the process under which the officer acts is a protection for any legal act done thereunder in accordance with its purport and tenor, yet it furnishes no protection to him for any act in excess of the authority conferred by the writ. (*Buck* v. *Colbath*, 3 Wall. 334.) While the attachment was a protection to the officer in making the seizure, yet, within the principle of the case last cited, it furnishes no protection whatever for illegal or negligent acts committed in the discharge of his duty thereunder. For such acts the process does not assume to give warrant. It is a well-settled rule of law in the State courts that a levy by virtue of an execution issued upon a judgment does not discharge the judgment; but if by reason of the negligent acts of the officer the property is lost or destroyed before a sale, the debt is thereby discharged, if the property was in value sufficient to pay the same (*The People* v. *Hopson*, 1 Den. 574; *Peck* v. *Tiffany*, 2 N. Y. 451; Crocker Sheriffs, § 440); and such is the rule in the United States courts. (*Gill* v. *Packard*, 17 Fed. Rep. 399.) Applying this rule to the present case, it clearly appears from the averments of the complaint that the value of the tug was largely in excess of any claims held by the libelant, together with all costs and expenses, both of the suit and of the officers executing the process, as well as of any other claims or liens existing against it. It further appears, assuming the averments to be true, that the misconduct of the defendant has resulted in the practical loss of the tug. Assuming, therefore, as we must, that the value of the tug was in excess of all claims, liens or other charges against it, it follows that by the misconduct of the defendant, as the tug has been practically lost, all the debts against it are discharged, within the authority of the cases which we have cited. It is clear, therefore, that the libelant has no claim or demand which she may enforce beyond the proceeds of the vessel, and these are fixed at the sum of forty-five dollars, so that in no event would she be entitled to enforce any greater claim against the plaintiff, assuming that the averments of the complaint are true.

But it further appears that her claim has been adjusted, and the

sum found due upon such adjustment is named; and that, taking all charges of every nature which could be made against the vessel, there would still remain an excess of value, had it not been for the defendant's misconduct, of $490. In this sum the parties to the proceeding in the Federal court have no interest, nor could the rights of the plaintiff therein be adjudicated in that proceeding. The defendant is called upon to answer in the State court, not for the vessel or its proceeds, but for the damages occasioned by his tortious act in connection with the seizure. Of such fact, in the proceeding in the Federal court, no notice would be taken, as it would not be involved therein.

It is urged that the complaint is defective in that it fails to aver the judgment of the Federal court, its force and effect. This, however, is not a matter of pleading, but of proof. If, as the complaint avers, the adjustment of the libelant's claim was for the sum of one dollar, that the costs could not exceed fifty dollars, and that the marshal's fees could, in no event, exceed two hundred and fifty dollars, then such facts may be made to appear either by the judgment, if there be one, or by other proof competent to establish the same. There is no more difficulty in arriving at a conclusion in this case than there is in any other, assuming that the proof which may be given under the averments of the complaint is sufficient for the court to reach a conclusion.

The answer which was served does not assume to plead anything in bar to the maintenance of this action; and there being no bar to its maintenance, the right to recover will depend upon the proof which may be adduced to sustain the allegations of the complaint. If competent proof be presented to the court, from which it can be determined that the defendant was guilty of negligence as therein averred, and that the value of the vessel is $490, or any other sum over and above what were proper charges against it, then a cause of action will be made out and the plaintiff will be entitled to recover such sum as his proof has established, within the averments of his complaint.

It is claimed, however, that the case of *Gill* v. *Packard* (*supra*) is an authority conclusive against the plaintiff upon this proposition. But in that case it appeared that the petition which instituted the action did not state that there was any value to the vessel over and

above the amount of the claim established against it; and that as no residuum of value existed over and above the valid claims, and as the destruction of the vessel discharged those claims, the plaintiff had suffered no loss and could not, therefore, maintain the proceeding. But here, according to the averments of the complaint, the case is entirely different, as the claim is that over and above any existing claims upon this vessel, either in the proceeding under which the seizure was made, or otherwise, the plaintiff's interest was at least the sum of $490, and that such sum has been lost to him by reason of the misconduct of the defendant. If, therefore, these averments be taken as true, and we must now so assume them, the plaintiff is entitled to recover of the defendant the sum of $490.

If follows, therefore, that it was error to dismiss his complaint, for which reason the judgment should be reversed.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.