DANIEL A. O'GORMAN, Plaintiff, *v.* SAMUEL KAPLAN, Defendant.

Supreme Court, Kings County, February, 1923.

Replevin — loss of imported paintings due to government's mistake — right of owner to recover them from purchaser on sale by collector of port — when act of broker in taking proceeds of sale does not bind principal.

The plaintiff, a British subject, the owner and ultimate consignee of certain paintings, not dutiable, sent them from England to the United States and though

upon the arrival of the paintings here the plaintiff and his custom house broker, to whom they had been consigned, did all they could to get them, they could not be located because of some mistake of government officials. Nineteen months after the arrival of the paintings in this country the collector of the port sold them as " unclaimed and abandoned goods " but neither plaintiff nor his broker received any notice of the sale and it was not until some time, thereafter that either of them knew of the sale. *Held,* that in an action of replevin against the purchaser at the sale plaintiff was entitled to judgment awarding him possession of the paintings, with interest on their value from the date of his demand upon defendant for their return.

The act of the custom house broker in taking from the government the net proceeds of the sale without the knowledge of plaintiff did not bind him.

REPLEVIN action.

*Paul Bonynge,* for plaintiff.

*Cass & Apfel (Alvin C. Cass,* of counsel), for defendant.

CROPSEY, J. A jury was waived. There is little or no dispute in the evidence. The plaintiff was the owner of certain paintings. He was a British subject, coming to this country on business and to remain indefinitely. He brought or sent the paintings from England to the United States. They arrived and the steamship company notified the consignee, which was the custom house brokerage firm of G. W. Sheldon & Co. While this firm was the consignee the papers gave the plaintiff's name and New York address and showed that he was the ultimate consignee. Sheldon & Co. made repeated efforts to get the paintings, and filed a claim to them, and papers showing they were not dutiable. The paintings, however, could not be located. The records in the government offices did not show their location. The result was that the paintings were not obtained. Nineteen months after the paintings reached this country they were sold by the collector of the port as "unclaimed and abandoned" goods. Upon that sale they were purchased by the defendant. Neither the plaintiff nor Sheldon & Co. received any notice of the sale, and it was not until sometime thereafter that either of them knew of the sale. Plaintiff demanded the paintings from the defendant and then brought this replevin action. The paintings were not subject to duty. That is conceded by defendant's attorney. They were neither unclaimed nor abandoned. The plaintiff, through his brokers, was endeavoring to get them, but because of some mistake by the government officials the paintings could not be located. The plaintiff and his brokers did all they could to get the paintings. The plaintiff was in no way in default. The fault was with the government. The question is whether under these circumstances the defendant obtained title to the paintings. The collector had

no right to make the sale except as permitted and provided by statute. Upon the established facts the collector had no right to make the sale. Hence, the defendant obtained no title. *Tracey* v. *Corse*, 58 N. Y. 143; *Brown* v. *Goodwin*, 75 id. 409; *Parker* v. *Overman*, 18 How. (U. S.) 137; *Conard* v. *Pacific Insurance Co.*, 6 Pet. 262. The state court has jurisdiction in such a case. *Teall* v. *Felton*, 1 N. Y. 537; affd., 53 U. S. 284; *Park* v. *Hayden*, 46 App. Div. 260, 262. The act of Sheldon & Co. in taking from the government the net proceeds of the sale was not authorized by the plaintiff and was without his knowledge. It does not bind him. The plaintiff is entitled to judgment awarding to him possession of the chattels, each of which is found to be of the value stated by Mr. Crosby. The plaintiff is also entitled to interest on the value of the paintings from the date of the demand. *Redmond* v. *American Mfg. Co.*, 121 N. Y. 415, 420. That amounts to $700.94. Plaintiff should have costs. Give notice of settlement of findings.

Judgment accordingly.