## UNITED STATES v. ONE KISSEL TOURING AUTOMOBILE (SAN FRANCISCO SECURITIES CORPORATION, Claimant).

(Circuit Court of Appeals, Ninth Circuit. March 3, 1924.)

No. 4127.

Internal revenue ⬤⟞46—Automobile used by seller of narcotics held not forfeitable as vehicle used in removal of the narcotics to defraud the government of tax.

Finding of trial court approved that the mere fact that a person carried or concealed a small quantity of narcotics in his pocket while riding in an automobile did not justify the conclusion that he was concealing the same with intent to defraud the United States of the tax thereon, and render the automobile forfeitable under Rev. St. § 3450 (Comp. St. § 6352).

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of Arizona; Maurice T. Dooling, Judge.

Libel by the United States against one Kissel touring automobile; the San Francisco Securities Corporation, claimant. From a judgment dismissing the libel, the United States brings error. Affirmed. For opinion below, see 289 Fed. 120.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

Frederick H. Bernard, U. S. Atty., and John W. Walker, Asst. U. S. Atty., both of Tucson, Ariz.

Kingan, Campbell & Conner, of Tuscon, Ariz. (Redman & Alexander and W. C. Bacon, all of San Francisco, Cal., of counsel), for defendant in error.

RUDKIN, Circuit Judge.   This was a proceeding under section 3450 of the Revised Statutes (Comp. St. § 6352) to forfeit an automobile used in the removal and for the deposit and concealment of certain narcotics, for and in respect whereof a tax had been imposed, with intent to defraud the United States of such tax.

The case was submitted to the court below on an agreed statement of facts, from which it appears that on the 22d day of October, 1922, one Means sold two capsules of cocaine to an addict and made delivery thereof with the automobile in question. Later on the same day he attempted to make a second delivery of narcotics to the same addict, driving the same automobile, but was waylaid by officers and apprehended. Upon the approach of the officers, Means attempted to swallow the narcotics, but was prevented from so doing.   He was thereafter indicted for selling narcotics in violation of the Harrison Anti-Narcotic Act (Comp. St. §§ 6287g–6287q) and entered a plea of guilty.

Section 3450, supra, provides:

That in case of "any goods or commodities for or in respect whereof any tax is or shall be imposed, or any materials, utensils, or vessels proper or intended to be made use of for or in the making of such goods or commodities," shall be removed, or shall be "deposited or concealed in any place, with intent to defraud the United States of such tax, or any part thereof, all such goods and commodities, and all such materials, utensils, and vessels  *  *  * shall be forfeited; and in every such case," and in every case where any goods or commodities shall be forfeited under this act, or any other act of Congress relating to the internal revenue, all and singular "the casks, vessels, cases or other packages whatsoever, containing, or which shall have contained, such goods or commodities,  *  *  * and every vessel, boat, cart, carriage or other conveyance whatsoever, and all horses or other animals, and all things used in the removal or for the deposit or concealment thereof,  *  *  * shall be forfeited."

The court below found that the intent to defraud the United States of the tax had not been proved, and dismissed the action. United States v. One Kissel Touring Automobile, 289 Fed. 120. The case has been brought here by writ of error.

The question of intent is usually a question of fact, and is very generally proved by circumstantial evidence. The agreed statement in this case is silent upon that issue, and it cannot be said that the intent to defraud the United States of the tax followed from the stipulated facts,

as a conclusion of law. The utmost that can be claimed is that the intent might be inferred from the facts stipulated, but any such inference is an inference of fact, and not a conclusion of law. Upon writ of error this court cannot review the evidence, and the finding of the court below on the question of intent will not be disturbed, unless wholly unsupported by the testimony. The court was of opinion that the mere fact that a party carries or conceals a small quantity of narcotics in his pocket while riding in an automobile does not warrant or justify the conclusion that he is concealing the same with intent to defraud the United States of a nominal tax, estimated by the court at one cent.

This inference or conclusion is a reasonable one, warranted and justified by the testimony, or the agreed statement of facts, and the judgment of the court below is therefore affirmed.