## UNITED STATES v. CONNORS.

First Division. Juneau. August 5, 1924.

No. 2313–A.

**1. Internal Revenue ⬤⇒46—Intoxicating Liquor—Forfeiture of Automobile Carrying.**

The claimant sold the automobile in question to one Hellar under conditional sale contract, the title to remain in the seller until full payment was made. The car was subsequently seized by the United States on a libel of information for being used for

⬤⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the removal, deposit, and concealment of distilled spirits with intent to defraud the United States of the internal revenue tax. On trial the jury found for the claimant generally. On motion for new trial by the United States; *held,* while the libel was brought against the liquor and the automobile, the liquor was a separate res from the machine and was forfeitable, whether there was intent to evade payment of the tax or not; the jury on the evidence found for the claimant as to the automobile; new trial denied.

**2. New Trial ⊂⟹128(1)—Errors of Law Alleged Must be Specific and Not General.**

On motion for new trial, the alleged errors of law upon which it is based must be specifically pointed out; when general in character, the new trial will be denied.

**3. Forfeitures ⊂⟹7—Fixed by Judgment or Decree.**

By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act, specific property used in or connected with that act, shall be forfeited, the forfeiture takes place immediately upon the commission of the act. The right to the property then vests in the United States, although their title is not perfected until judicial condemnation. The forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed, and the condemnation, when obtained, relates back to that time and voids all intermediate sales and alienations even to purchasers in good faith. The title of the United States to goods forfeited is not consummated until after the judicial confirmation.

**4. Internal Revenue ⊂⟹46—Forfeitures—Questions of Fact.**

The question of fact to be determined by the court and jury on a libel of information for a forfeiture in this and other cases under a similar statute is: Was the act condemned by the statute committed? If it is found that the act was committed, the decree of condemnation and forfeiture follows, relating back to the time of seizure. If it is found that the act alleged as ground of forfeiture was not committed, the case should be dismissed, and the property would revert to the owner.

This action was brought by the United States on a libel of information, under section 3450, R. S. U. S. (26 USCA §§ 1181, 1182 [U. S. Comp. St. § 6352]), charging that one Buick touring car, motor No. 507699, and accessories, were forfeited to the United States, in that the same were used for the removal, deposit, and concealment of distilled spirits—i. e., whisky—with intent to defraud the United States of the internal revenue tax theretofore imposed on said whisky, and

⊂⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

praying condemnation and sale thereof. A monition was issued July 12, 1923, returnable August 13th following, and on August 9th J. J. Connors, doing business as the Alaska Auto Supply Company, filed his claim of ownership and answer to the libel.

The substance of the libel of information is that on the 2d day of July, 1923, at or near Juneau, Alaska, the United States marshal and a prohibition enforcement officer seized the automobile aforesaid as being used in the removal, deposit, and concealment of whisky on which an internal revenue tax had not been 'paid, and which had been so removed, deposited, and concealed with intent to defraud the United States of said tax; that on said date one Louis Stark did wrongfully deposit, remove, and conceal, by means of said automobile, 24 one-fifth gallon bottles of Johnny Walker black label whisky on which a tax was due and had not been paid, then and there intending to defraud the United States of the tax; and that one Frank Hellar and one M. D. Berry claimed an interest in the automobile.

The second amended answer and claim of claimant Connors denies generally the allegations of the libel, and affirmatively sets up a conditional sale contract between himself, doing business as the Alaska Auto Supply Company, and Frank Hellar, under the terms of which the car was sold to the said Hellar for the sum of $847.70, of which amount $350.06 was paid down, and the balance was to be paid on monthly deferred payments of $41.47. It further provided that the title was to remain in the seller until the full payment was made, while' the right of possession was in Hellar, subject to reversion to the seller on default of payment, etc. The answer further sets forth that the said contract and all rights thereunder were assigned by Connors to the General Motors Corporation, and thereafter, on August 1, 1923, reassigned to Connors; that $414.70, with interest, is due on the contract, and that the value of the automobile does not exceed $400; that there was no internal revenue tax due on the liquor seized, nor was said automobile used for the deposit, removal, and concealment of the Johnny Walker whisky referred to in the libel, with intent to defraud the United States of any internal revenue tax, nor was said automobile used for the removal, concealment, or deposit of said whisky.

The case was tried before a jury on May 29, 1924, and there was submitted to the jury a general verdict, approved by counsel on either side, under instructions submitting to them three questions: First, whether or not the internal revenue tax due on the liquor had been paid; second, if not paid, whether the liquor was concealed, removed, or deposited with intent to defraud the United States of the tax due; and, third, if it was concealed, removed, or deposited with such intent, whether the automobile was used as a means of concealing, removing, and depositing the liquor with such intent. The jury returned a general verdict in favor of J. J. Connors, doing business as the Alaska Auto Supply Company. Prior to the submission of the case to the jury, the United States and the claimant each moved the court for an instructed verdict, both of which motions were denied. After the rendition of the verdict, the United States moved for a judgment notwithstanding the verdict and a new trial. The claimant submitted to the court a judgment to the effect that the auto and accessories except one tire and casing, in which he claims no interest, be turned over to him, and that the claimant be directed to sell the automobile so turned over and pay the overplus above the amount of his claim into the registry of the court for further disposal by the court.

A. G. Shoup, U. S. Atty., of San José, Cal.
Hellenthal & Hellenthal, of Juneau, for claimant.

REED, District Judge. Taking up the motion for a new trial, I find it to be based on two grounds, namely, first, the insufficiency of the evidence to justify the verdict rendered, and that the verdict is against the law; and, second, errors of law occurring at the trial and excepted to by the United States, because the court erred in refusing to instruct a verdict in favor of the United States.

As to the first ground alleged, the insufficiency of the evidence to justify the verdict against the United States, as I remember the contention made by the United States attorney, it is claimed on the part of the United States that under section 3333, R. S. U. S. (26 USCA § 327 [U. S. Comp. St. § 6130]), the burden of proof is on the claimant to show that the tax had been paid, and, if the same was not paid, that no fraud had been committed against the United States, and

that the requirements of the law in regard to the payment of the tax had been complied with. Section 3333 provides, in short, that when a seizure is made of distilled spirits found elsewhere than where it is authorized by law to be, or in transit therefrom, which have not been received into or sent therefrom, as required by law, the burden of proof is upon the claimant to show that no fraud had been committed, and that the requirements of the law in regard to the payment of the tax had been complied with. The argument of the United States, in substance, is that the burden is on the claimants of the spirits in this case to show that he intended no fraud against the United States; that there was no claimant of the whisky appearing, and default having been entered against Stark, who was alleged to be the claimant, the judgment must be that he concealed, removed, or deposited spirits in fraud of the United States, with intent to evade payment of the tax; that such judgment is prima facie evidence of the fact that such liquor was concealed, removed, and deposited with intent to defraud the United States of the internal revenue tax, and it would be incumbent on the claimant of the automobile to overcome such proof by competent evidence.

This argument is plausible, but in my judgment is not correct. While the libel was brought against the liquor and the automobile, the liquor was a separate res from the machine, and was forfeitable, whether there was intent to evade payment of the tax or not. But in the case of the automobile the question is, not only was the liquor removed from a place where it was lawfully required to be, with intent to avoid payment of the tax, but also was the automobile used for the removal, concealment or deposit of the liquor with intent to avoid payment of the tax? The claimant of the automobile specifically disclaims any interest in the liquor, and the evidence is conclusive to that effect, and the question of intent, in the removal, deposit, or concealment of the liquor in the auto was a question of fact, which should have been submitted to the jury, with the burden of proof on the United States to show the fraudulent intent. U. S. v. One Kissel Touring Car (C. C. A.) 296 F. 688.

The second question, as to errors of law occurring at the trial and excepted to by the United States, is too general to be considered. The errors of law complained of should be

specifically pointed out. See section 1061, C. L.; Williams v. Alaska Commercial Co., 2 Alaska, 45; Barnette v. Freeman, 2 Alaska, 286; Linge's Administrator v. Alaska Treadwell Gold Mining Co., 3 Alaska, 9–11.

Motion for a new trial will therefore be denied.

The motion for a judgment notwithstanding the verdict is based upon the proposition that the claimant Connors was not the owner of the car at the time of the seizure on July 2, 1923; that the evidence shows that the General Motors Corporation was the owner at that time, and a judgment of forfeiture relates back to the time of seizure; and that, as the title to the car had not vested in Connors until August 1 following, he had no standing before the court as the title had already vested in the United States.

Conceding the general rule that the right to property forfeited vests in the government upon the commission of the act and the condemnation relates back to that time, voiding all intermediate sales or conveyances, yet the validity of the forfeiture must be determined by the decree of condemnation before title vests in the government. The original owner can appear before the court and contest the right of the government to declare a forfeiture during the time allowed for appearance. During that time, also, he may dispose of his interest in the property seized, subject always to the right of the United States to enforce forfeiture before the court, and the person succeeding to his interest may also contest the validity of the forfeiture. As was said in Tracey v. Corse, 58 N. Y. 143:

"The title of the owner of property as to which an act of forfeiture has been committed * * * is not divested eo instante upon the commission of the offense, or by the seizure, but by the judgment or decree of a court having jurisdiction in the premises, ascertaining and declaring the forfeiture. * * * Whatever may be the * * * view as to the time when the forfeiture takes place, it is by the judgment alone that it can be ascertained and determined. If the government may be deemed to have an inchoate title from the time the offense is committed, it is not consummated until after a judicial condemnation. And, if after a seizure the possession is abandoned by the government, and a decree of forfeiture is not obtained, the title and the right of possession is in the original owner."

See Slocum v. Mayberry, 2 Wheat. 1, 4 L. Ed. 169; Gelston v. Hoyt, 3 Wheat. 246, 4 L. Ed. 381; United States v. Stowell, 133 U. S. 16–17, 10 S. Ct. 244, 33 L. Ed. 555.

In this last case, the court say:

"By the settled doctrine of this court, whenever a statute enacts that upon the commission of a certain act specific property used in or connected with that act, shall be forfeited, the forfeiture takes effect immediately upon the commission of the act. The right to the property then vests in the United States, although their title is not perfected until judicial condemnation. The forfeiture constitutes a statutory transfer of the right to the United States at the time the offense is committed, and the condemnation, when obtained, relates back to that time, and voids all intermediate sales and alienations even to purchasers in good faith."

In Caldwell v. U. S., 8 How. 366, 12 L. Ed. 1115, it is directly held that the title of the United States to goods forfeited is not consummated until after the judicial confirmation. See, also, The Nabob, 1 Brown's Adm. 119, Fed. Cas. No. 10,002.

The question of fact to be determined by the court and jury, on a libel of information for a forfeiture in this and other cases under a similar statute, is: Was the act condemned by the statute committed? If it is found that the act was committed, the decree of condemnation and forfeiture follows, relating back to the time of seizure. If it is found that the act alleged as ground of forfeiture was not committed, the case should be dismissed and the property would revert to the owner.

In this case, the only question before the court was whether the automobile was used to remove, conceal, or deposit the liquor described in the libel, with intent to evade the payment of the internal revenue tax. The jury found it was not in finding for the claimant Connors, and the libel should be dismissed, and the alleged offending res returned to the claimant.

The motion for judgment notwithstanding the verdict is overruled, and judgment of dismissal entered.