STATE *v.* RAILROAD.

(*Jackson.* April 28, 1892.)

1. RAILROADS. *Indictable for obstructing highway.*

Doctrine re-affirmed that railroad corporations are liable to indictment for obstructing the public roads.

Case cited and approved: Railroad *v.* State, 3 Head, 523.

2. SAME. *Same. Defense.*

A railroad corporation, indicted for obstructing a public road by permitting its train to stand across the road for an unreasonable length of time, cannot defend itself by showing that its servants engaged in the operation of trains were forbidden by its general rules and regulations to permit trains to remain across public roads for an unreasonable time. For such acts of its servants, done within the scope of their duty, the corporation, though forbidding the acts, is criminally responsible.

FROM GIBSON.

Appeal in error from Circuit Court of Gibson County. J. R. BOND, J.

Attorney-general PICKLE and M. B. GILMORE for State.

W. J. McFARLAND and McCORRY & BOND for Railroad.

LURTON, J. A train of cars was permitted to stand across a public county road for an unreasonable length of time, thereby impeding the use of the road by the traveling public. The corporation was indicted and found guilty of a public. nuisance, and fined in the sum of fifty dollars. Upon the trial it was admitted by the State that, under the rules and regulations of the company, its employes in charge of its trains were prohibited from permitting trains to stand across a public road in such manner as to obstruct travel for more than five minutes. In the instance relied upon by the State, the train had been permitted to stand across a public road for from twenty to thirty minutes.

The Circuit Judge instructed the jury that the fact that this obstruction was for a longer time than permitted by its rules and instructions, was no defense against the indictment. This is assigned as error.

That railway corporations are liable to indictment for obstructing a public highway has been long settled. *L. & N. R. R. Co.* v. *The State*, 3 Head, 523.

Being a corporation, it necessarily acts only through its agents. If the obstruction is the act of its agent, it is the act of the corporation; provided the agent did the act in the course and scope of his duty as an agent. It is immaterial that the agent was, by the rules of the company, instructed not to permit such obstruction to continue for a time deemed by the corporation to be unreasonable.

If such agent disobeys the reasonable require-
ment of the corporation, it becomes liable for the
nuisance, because the agent was within the scope
of his duty in operating the train and in stopping
it across a public road. This principle is necessary
to be enforced in regard to acts of misfeasance
by corporations of this character. Otherwise, the
public would be required to look alone to subor-
dinates, in general unknown and irresponsible. 2
Woods Railway Law, pp. 1383, 1384, and author-
ities cited.

Affirm the judgment.