## MELENDEZ v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. November 23, 1926.)

No. 1890.

1. **Criminal law** ⬢⟞1122(5)—**Errors in instructions are not reviewable, where instructions are not in record.**

Alleged errors in instructions given or refused cannot be reviewed, where record does not contain charge of court.

2. **Intoxicating liquors** ⬢⟞236(4)—**Evidence of sales by waiter in café held to sustain conviction of part owner of café (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]; Criminal Code, § 332 [Comp. St. § 10506]; Organic Act Porto Rico, § 14 [Comp. St. § 3762]).**

Evidence of sales of liquor by waiter in café owned in part and conducted by defendant *held* sufficient to sustain conviction for unlawful sale, under National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), in view of Criminal Code, § 332 (Comp. St. § 10506), and Organic Act of Porto Rico, § 14 (Comp. St. § 3762).

3. **Intoxicating liquors** ⬢⟞226—**Exclusion of testimony concerning previous unsuccessful raid for liquor on defendant's place held not error.**

In prosecution for unlawful possession and sale of liquor, exclusion of cross-examination of prohibition enforcement officer as to raid previously made on defendant's place, when no liquor was found, *held* not error.

4. **Criminal law** ⬢⟞30—**Offense of possessing liquor was not merged in offense of sale of one drink, from a bottle which remained in defendant's possession (National Prohibition Act, tit. 2, § 3 [Comp. St. § 10138½aa]).**

Evidence showing purchase of drink of liquor poured from a half-filled bottle, which remained in defendant's possession, sustained conviction under National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), for possession as well as sale, as against contention that the possession was merged in the sale.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Santiago Melendez was convicted of unlawfully possessing and selling intoxicating liquors, and he brings error. Affirmed.

B. F. Sanchez and H. R. Francis, both of San Juan, Porto Rico, for plaintiff in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The defendant was convicted in the United States District Court for the District of Porto Rico, upon an information of the district attorney of the United States for the district of Porto Rico, in two counts, charging him with violation of section 3, title 2, of the National Prohibition Act (Comp. St. 10138½aa). The first count charged unlawful possession, and the second count a sale of intoxicating liquor.

[1] There are nine assignments of error, but five of these relate to instructions which the

court gave or failed to give to the jury. As the charge of the judge does not appear in the record, we cannot determine whether error was committed by the court, as alleged in these assignments.

The other errors assigned relate to the exclusion of certain evidence offered by the defendant and to the refusal of the court to set aside the verdict of guilty found by the jury on the second count.

On the 24th day of February, 1925, one Oscar Bithorn, a prohibition enforcement officer, under the instruction of the chief enforcement officer, Ramon Fernandez Nater, visited a café conducted by the respondent on San Justo street, in the city of San Juan, Porto Rico, known as La Greca. Bithorn testified that he purchased a drink of brandy from a waiter, which he placed in a small glass receptacle brought by him for that purpose; that upon this occasion he went up a stairway leading to the floor above the dining room, and from there signaled to a waiter whom he asked if he could have a drink of brandy; that the waiter replied that he could, and shortly afterwards returned with a bottle of brandy, about half full, on a small glass tray, and poured a certain amount of the brandy into a glass on the tray; that the defendant stood near and saw what was going on; that on the next day he went to the café and purchased another drink of brandy, paying the waiter 50 cents for the same in each case; and that the brandy which he then obtained was taken away in a glass receptacle and turned over by him to the district attorney.

Bithorn also testified that, before he was appointed a prohibition officer, on several occasions he visited this café with friends and had drinks with them.

[2] The gist of the defendant's contention is that there was no direct evidence that the sales of brandy were made by the defendant, and that, if made by a waiter in his café, there was no evidence upon which a verdict of guilty could be returned against him, although, at the time one of the sales was made, the prohibition officer testified that Melendez "was near and saw what was going on." There is no merit in this contention.

The defendant himself testified that he was a part owner of the Café La Greca, and that it was conducted by a partnership consisting of himself and one other person.

If the jury believed, as they must have from the evidence, that the defendant authorized the sale of liquor by the waiter to the prohibition officer, then they could find him guilty of the sales charged in the information.

Under the well-known rule of law, whoever induces or procures another to commit a crime, whether a misdemeanor or a felony, and is present at its commission, is a principal.

Section 332 of the Criminal Code of the United States (Comp. St. § 10506) is as follows:

"Whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

Section 14 of the Organic Act of Porto Rico (Comp. St. § 3762) provides as follows:

"The statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Porto Rico as in the United States, except the internal revenue laws."

The United States statute is therefore in force in Porto Rico, and the defendant was properly convicted as a principal.

The witness Bithorn testified positively that, on one of the occasions when he purchased brandy at the café, the defendant was present and "saw what was going on." It was the sole province of the jury to pass upon the credibility of Bithorn and the weight which should be given to his testimony. If they believed him, there was ample evidence to support the verdict of guilty.

[3] The chief prohibition enforcement officer was asked upon cross-examination whether upon a previous occasion he had not visited the Café La Greca in company with agents of the police force and made a raid, and, after a careful search, found nothing there. To this question there was objection by the district attorney, which was sustained by the court, and the defendant excepted.

The fact, if it were true, that no intoxicating liquors were found upon this search, would have no probative force in determining whether or not he was guilty of the charges of possession and sale with which he was accused in the information, and the defendant takes nothing by this assignment.

[4] The defendant was found guilty upon both counts and a sentence was imposed upon each. It is contended that the charge of possession was merged in that of sale. Bithorn testified that upon the first day when he visited the café the waiter served him from a bottle of brandy about half full, and that only one drink was poured from this half-filled bottle, so that the remainder was left in the possession of the defendant. There was, therefore, evidence from which the jury

could find that the defendant had in his possession other liquor than that which was sold to the prohibition officer.

· The defendant admitted that he was one of the proprietors of this restaurant, and whether he was guilty of unlawful possession of intoxicating liquor, and also of its sale, as alleged in the information, was a question to be determined by the jury, from the evidence and all the reasonable inferences to be drawn from it.

We think there was evidence to sustain the verdict of the jury that the defendant was guilty under both counts.

The judgment of the District Court is affirmed.