### McCARTY v. HALEY et al.

Circuit Court of Appeals, Seventh Circuit. December 5, 1929.

No. 4197.

Harold Taylor, of Indianapolis, Ind., for appellant.

Charles E. Henderson, of Indianapolis, Ind., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is a contest between appellee Julia Boyd Haley, who was divorced by testator, Michael Haley, for her fault, before the making of his will on December 20, 1926, and Madaline McCarty, appellant, a niece and sole beneficiary under

the will. Appellee was named as beneficiary in Michael Haley's war risk insurance certificate, and the question is whether the will changed the beneficiary from the former wife to appellant.

Testator was afflicted with pulmonary tuberculosis, and was permanently disabled thereby. He was receiving treatment at the United States Veterans' Hospital at Ft. Bayard, N. M., and was unable to live elsewhere. Appellee deserted him on September 1, 1925, and on June 10, 1926, he was granted from her an absolute divorce. Testator was then receiving, and continued to receive up to the making of his will on December 20, 1926, and afterwards to the time of his death, on February 18, 1927, monthly payments of $28.75, in accordance with the provisions of the war risk insurance certificate.

Section 4137 of the Regulations of the United States Veterans' Bureau provides: "A change of beneficiary to be effective shall be made either (a) by the last will and testament of the insured, or (b) by notice in writing to the United States Veterans Bureau, signed by the insured, or by his duly authorized agent."

After probation of the will and her appointment as executrix, appellant demanded that the government make the payments under the war risk insurance certificate to her, but the payments were awarded to appellee and for some months thereafter were paid to her. Thereafter, appellant brought suit against appellee and the United States, which the District Court dismissed for want of equity.

The language of the will, so far as here material, is:

"Second: I give, devise and bequeath unto my beloved niece, Miss Madaline McCarty, 3969 North New Jersey Street, Indianapolis, Indiana, all of my estate, property and effects, whatsoever and wheresoever situate or found, of which I may die seized, or which I may be entitled, or which my estate may in any way be entitled, or which I have the power to dispose of at my decease, including One Thousand Twenty three dollars and seventy-nine cents (1023.79) which is on deposit in a checking account in the New First National Bank, Silver City New Mexico, a one thousand dollar ($1,000.00) Mississippi Road Bond and a Five Hundred ($500.00) dollar Marr Oil Corporation Certificate, which are in safety deposit box number 42, at the New First National Bank, Silver City, New Mexico, Six Hundred Fifty Dollars ($650.00) in cash which is deposited in the Patients' Trust Fund at Fitzsimons General Hospital, and benefits from Adjusted Service Certificate for One thousand two Hundred thirty five dollars ($1,235.00) on which Miss Madaline McCarty is now named as beneficiary."

The contentions are: (a) That as the power to change the beneficiary was given by statute, it was necessary for the testator to refer to the power and make it clear from the language of the will that he was executing that power; (b) that the intent must be derived wholly from the will.

Over objection, certain evidence was admitted for the purpose of showing the intention of testator, Michael Haley, as to the disposition of his war risk insurance. The following letter, written on May 25, 1926, by testator to appellant, was a part of such evidence: "Madaline, I want you to send me your full address as I will make you my nearest relative in case anything should happen. I think I can do that, and of course that will take care of my insurance and other little income I have." Conversations between testator and appellant were also related by her, wherein testator pointed out the different property owned by him and said that he had given it all to her under his will.

In addition to the broad language of the will, giving to appellant all of his estate, etc., of which testator might die seized or to which he was entitled, there is added "or which I have the power to dispose of at my decease." Those words plainly indicate an intention to go beyond the plain import of the words preceding and to execute a power of disposition over something else. We find no ambiguity in the language of the will, and there is no reason to resort to extraneous evidence for its construction. Although it is not plain from the language of the will what power the testator intended to execute, yet his purpose and intent become plain when it appears, on examination, of his estate, that there was in him but one such power, namely, the power to appoint a new beneficiary under the war risk insurance certificate. He was sick, alone, and near death when he made his will, and had been deserted by the woman named in the certificate as beneficiary, and had but recently divorced her for her fault. There appears no reason why he should have wished her to participate in his property, and there are many reasons why he might have had a contrary intention. If we do not apply the words relating to the execution of a "power to dispose" to the war risk insurance certificate, and hold that one of the purposes of his will was to change the beneficiary thereunder, we must read that clause out of the will. Excluding the letter to and the testi-

mony of appellant, the surrounding circumstances show, we think, a much stronger intention to execute the power than appeared in Blagge v. Miles, decided by Mr. Justice Story while on the circuit bench (1 Story 426, Fed. Cas. No. 1479, 3 Fed. Cas. 559). Thompson Construction of Wills, § 342.

The judgment is reversed, and the cause remanded, with direction to enter a decree in accordance with the complaint.