## DANOVITZ, SURVIVING PARTNER OF FEITLER BOTTLE COMPANY, *v.* UNITED STATES.

No. 424. Argued April 23, 1930.—Decided May 5, 1930.

*Mr. Ward Bonsall,* with whom *Messrs. John S. Pyle* and *John W. Dunkle* were on the brief, for petitioner.

390

*Assistant Attorney General Sisson,* with whom *Solicitor General Thatcher, Assistant Attorney General Youngquist,* and *Messrs. Claude R. Branch, Norman J. Morris-*

*son,* and *D. Heywood Hardy,* Special Assistants to the Attorney General, were on the brief, for the United States.

Mr. Justice Holmes delivered the opinion of the Court.

This is a libel for the forfeiture of alleged contraband liquors, property and material designed for the manufacture of contraband liquors, specifically described, and alleged to have been unlawfully held in violation of Section 25, Title II, of the National Prohibition Act. The District Court found that the allegations of fact contained in the libel were sustained and ordered a decree of forfeiture. The decree was affirmed by the Circuit Court of Appeals, 34 F. (2d) 30. A writ of certiorari was granted

by this Court but confined to the single question whether the property seized is forfeitable under Sec. 25, Title II, of the National Prohibition Act. 280 U. S. 548.

The property in question was containers, barrels, bottles, corks, labels, cartons, &c. By the statute it is "unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this chapter or which has been so used, and no property rights shall exist in any such liquor or property." A search warrant may issue "and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order." Act of October 28, 1919, c. 85, Title II, § 25, 41 Stat. 305, 315. U. S. Code, Title 27, § 39. The argument for the petitioner, so far as it does not go beyond the limits set in granting the writ of certiorari, is that empty containers, bottles and the other apparatus described, cannot be used in or designed for the manufacture of liquor, because the manufacture is completed before that apparatus comes into play. There is a further argument that the containers were not designed in fact for the manufacture of liquor even if they could be, but the objection to this is that if the terms in which the writ was granted do not exclude it, the case having been tried without written waiver of jury, the sufficiency and effect of evidence are not open. *Commissioner of Road District No. 2* v. *St. Louis Southwestern Ry. Co.,* 257 U. S. 547, 562.

The argument for the petitioner cannot be helped by amplification. It is obviously correct if the word "manufacture" be taken in the strictest and most exact sense. But the word may be used in a looser way to express the whole process by which an article is made

ready for sale on the open market. *P. Lorrilard Co.* v. *Ross*, 183 Ky. 217, 223. As the purpose of the Prohibition Act was to " suppress the entire traffic " condemned by the Act, *United States* v. *Katz,* 271 U. S. 354, 357, *Donnelley* v. *United States,* 276 U. S. 505, 513, it should be liberally construed to the end of this suppression, and so directs. Title II, § 3, of the Act. Code, Title 27, § 12. The decisions under the revenue acts have little weight as against legislation under the afflatus of the Eighteenth Amendment. We are of opinion that the word was used in this looser way, and that if the empty containers and the other objects seized were offered for sale in such a mode as purposely to attract purchasers who wanted them for the unlawful manufacture, as we interpret the word, they were designed for that manufacture and could be seized.

*Decree affirmed.*