## YOUNG et al. v. UNITED STATES.
No. 5959.

Circuit Court of Appeals, Fifth Circuit.
April 10, 1931.

WALKER, Circuit Judge, dissenting.

John B. McNamara, of Waco, Tex., Edwin H. Grace, of New Orleans, La., Allan D. Sanford, of Galveston, Tex., and A. L. Curtis, of Belton, Tex. (Lovett & Lovett, of Corsicana, Tex., on the brief), for appellants.

John D. Hartman, U. S. Atty., of San Antonio, Tex.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The indictment in this case charges a conspiracy to sell, and possess for sale, utensils and substances, including corn chops, sugar, fruit jars, and charred barrels, designed and intended for use in the unlawful manufacture of intoxicating liquor; and to manufacture, possess, sell, and transport intoxicating liquor for beverage purposes. The appellants, McDaniel, Young, Coates, Lee, Franklin, and Campbell, were convicted as charged. Evidence for the government tended to show that McDaniel, manager of a wholesale business at Corsicana, Tex., sold large quantities of the above articles described in the indictment to Young and Coates, and made deliveries at the village or town of Young, where Young and Coates had adjoining retail stores, with a connecting door, in the same building.

Young and Coates sold the articles purchased from McDaniel at retail. Lee, Franklin, and Campbell were among their customers, and each of them made individual purchases, but there was no proof that they were acting in concert. It was not directly shown that any of the articles thus sold were used in connection with the manufacture of liquor, although there were many illicit distilleries in the neighborhood. The most that can be claimed by the government is that the circumstantial evidence was sufficient to show that McDaniel, Young, and Coates knew that the articles in question were being bought from Young and Coates by persons who intended to use them in connection with the unlawful manufacture of liquor.

We are of opinion that this evidence was insufficient to prove the conspiracy alleged. McDaniel, the seller, could not have been a coconspirator with Young and Coates, the purchasers, upon proof simply that he made sales to them; and in turn Young and Coates, whether acting individually or as partners, could not upon similar proof have

been coconspirators with those who purchased from them at retail. There must have been a conspiracy to do something unlawful after the sales were made in order to sustain the indictment. United States v. Katz, 271 U. S. 354, 46 S. Ct. 513, 70 L. Ed. 986. In Edenfield v. United States (C. C. A.) 8 F.(2d) 614, there were three indictments, each containing two counts; the first count charging a conspiracy to manufacture liquor, and the second to manufacture liquor without making a permanent record. Edenfield was convicted and sentenced on both counts of each indictment. The judgment was affirmed in toto by this court in a memorandum opinion, which, while recognizing the principle of law that there must be evidence beyond proof of sale, stated that "the evidence for the government tended to show that plaintiff in error furnished to his codefendants copper and other materials to be used in making a still, as well as sugar and meal to be used in the manufacture of liquor." The case was reversed by the Supreme Court because of the conviction on the second set of counts which charged conspiracy to manufacture liquor without making a permanent record, on the authority of the Katz Case, supra; and it was remanded to the district court for resentence on the first counts. 273 U. S. 660, 47 S. Ct. 345, 71 L. Ed. 827. It is to be conceded, therefore, that the evidence was held by the Supreme Court to be sufficient to sustain the first count of each indictment. But the record in Edenfield's Case affirmatively shows, though the memorandum opinion does not, that he not only made the sales, but, after they were made, that he actively participated in manufacturing the stills, in locating them in places where it was unlikely that they would be found, and in disposing of the liquor after it was manufactured; and so we held that the jury was authorized "to infer an agreement to do what was actually done."

There is no similar proof here, but the evidence stops with the sales. The conviction of the sellers cannot be sustained on the ground that they had knowledge of the intention of the purchasers to use the sugar and other articles in connection with the unlawful manufacture of liquor. One cannot be held as a member of a conspiracy upon proof merely that he had knowledge of, or negatively acquiesced in, a crime that was about to be committed; but, in order to fasten guilt upon one accused of being a coconspirator, it is necessary to prove that he actively participated in the conspiracy charged. Bishop's Criminal Law (9 Ed.) § 633; 5 R. C. L.

1065; McDaniel v. United States (C. C. A.) 24 F.(2d) 303. There was no evidence that Lee, Franklin, and Campbell were acting in concert; for all that appears, each was acting only for himself. The conspiracy charged was not proved against any of the appellants.

The judgment is reversed.

WALKER, Circuit Judge (dissenting).

I am unable to concur in conclusions stated in the foregoing opinion. There was evidence tending to prove that the appellant McDaniel, acting for a corporation of which he was the manager, in selling for that corporation to appellants Young and Coates large quantities of sugar, corn chops, rye grain, fruits jars, and charred barrels, and in transporting and delivering those articles, frequently in the nighttime, and the appellants Young and Coates in buying and selling those things, acted in concert between themselves and other appellants for the purpose of bringing about or facilitating violations by others charged of the National Prohibition Act by unlawfully manufacturing, possessing, and transporting intoxicating liquor. The indictment and the evidence showed more than concerted action between the sellers and buyers in unlawful sales, in that they showed that the sellers and buyers acted in concert with others charged, for the purpose of effecting the unlawful manufacture, possession, and transportation of intoxicating liquor.

Though such sales in which the appellant McDaniel participated and such purchases and sales by appellants Young and Coates were not in themselves illegal, they were rendered illegal if such sales and purchases were parts of a scheme participated in by those three persons and others accused to bring about the unlawful manufacture, possession, sale, and transportation of intoxicating liquor. Those things may have been rendered unlawful by the plan or concerted purpose in pursuance of which they were done. They were capable of being designed or done for an unlawful purpose. Danovitz v. United States, 281 U. S. 389, 50 S. Ct. 344, 74 L. Ed. 923. An act, harmless when done by one, may become a public wrong when done by many, acting in concert for an unlawful purpose. Grenada Lumber Co. v. Mississippi, 217 U. S. 433, 30 S. Ct. 535, 54 L. Ed. 826; Bedford, etc., Co. v. Stone Cutters Ass'n, 274 U. S. 37, 54, 47 S. Ct. 522, 71 L. Ed. 916, 54 A. L. R. 791. "No conduct has such an absolute privilege as to justify all possible schemes of which it may be a part. The most

innocent and constitutionally protected of acts or omissions may be made a step in a criminal plot, and if it is a step in a plot, neither its innocence nor the Constitution is sufficient to prevent the punishment of the plot by law." Aikens v. Wisconsin, 195 U. S. 194, 206, 25 S. Ct. 3, 6, 49 L. Ed. 154. The above-mentioned acts, as evidence adduced tended to prove, being bound together as parts of a plan or concerted scheme to bring about or facilitate violations of the National Prohibition Act (27 USCA), are tainted with the criminality of that plan. Swift & Co. v. United States, 196 U. S. 375, 396, 25 S. Ct. 276, 49 L. Ed. 518; Badders v. United States, 240 U. S. 391, 394, 36 S. Ct. 367, 60 L. Ed. 706. The conspiring which evidence tended to prove being directed to violations of the National Prohibition Act, everything done in pursuance of it was illegal, and all participants in the plot or scheme were guilty as conspirators. Ford v. United States, 273 U. S. 593, 620, 47 S. Ct. 531, 71 L. Ed. 793.

The decision in the case of Edenfield v. United States, 273 U. S. 660, 47 S. Ct. 345, 71 L. Ed. 827, had the effect of affirming a conviction under counts of an indictment making charges similar to the charge made by the indictment in the instant case, which charges were supported by evidence which, in my opinion, had no more tendency to support a charge made than the evidence in the instant case. In that case a reversal was unsuccessfully sought because of the action of the trial court in giving an instruction to the jury to the effect that, if Edenfield knew that the copper, sugar, meal, and bran he furnished, in the quantities he furnished, were not usable, so far as he knew, except in the manufacture of liquor or the making of stills, and if he furnished those things with the knowledge that they were to be used for such purposes, then it was for the jury to determine as to whether, when he furnished those things to other persons accused, then knowing that those persons were going to use them in manufacturing the liquor, that would constitute an agreement between him and those persons to violate the law against manufacturing liquor. It seems to me that the decision evidenced by the foregoing opinion is inconsistent with that part of the decision in the case of Edenfield v. United States, supra, which had the effect of affirming the conviction under counts of the indictment under which the accused was tried. The opinion in the case of United States v. Katz, 271 U. S. 354, 46 S. Ct. 513, 70 L. Ed. 986, indicates that a charge of criminal conspiracy cannot properly be based on an agreement between the seller and buyer in a sale made for a criminal purpose, because such an agreement is an essential element of the sale itself, and the sale could not make a party to it guilty of a crime other than the one committed by the seller; but that opinion also indicates that the buyer and seller of things used in manufacturing intoxicating liquor properly could be charged with conspiring with others to bring about the unlawful manufacture of such liquor by using those things, as the substantive offense conspired to be committed has an ingredient in addition to the sale, not requiring the agreement of two persons for its completion. A party to an agreement to bring about the commission of a crime is subject to be charged with criminally conspiring with others, though he was to do nothing in furtherance of the agreement except to sell a thing intended to be used by another in committing the crime which was the object of the agreement.