### UNITED STATES v. 1013 CRATES OF EMPTY OLD SMUGGLER WHISKEY BOTTLES AND OTHER PROPERTY.

#### Claim of GLICKSTEIN & TERNER, Inc.

#### No. 361.

Circuit Court of Appeals, Second Circuit. Decided July 14, 1931.

Howard W. Ameli, U. S. Atty., and J. Bertram Wegman, Asst. U. S. Atty., both of Brooklyn, N. Y.

Harold L. Turk, of Brooklyn, N. Y., for appellant.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

Cases like this involve grave danger. The very natural desire of government officers who try to enforce the law to the best of their ability leads them to adopt the most practical and efficient way to do it whenever by some plausible reasoning they can satisfy

themselves that no constitutional rights are contravened. But their zeal for the cause in which they have enlisted so often creates in their minds such an emphasis upon the theory that the virtue in the end will justify the means that the fundamental rights of a liberty loving people will be gradually sapped, undermined, and finally destroyed by a subtle, insidious, and persistent narrowing of vital bedrock principles unless courts are steadfast and firm in the preservation of what has been gained through centuries of struggle. The Fourth Amendment, which prohibits unreasonable searches and seizures, is one of the pillars of liberty so necessary to a free government that expediency in law enforcement must ever yield to the necessity for keeping the principles on which it rests inviolate. In this spirit alone it is safe to attempt to solve the problem which now confronts us.

The property covered by this libel is contraband. Danovitz v. United States, 281 U. S. 389, 50 S. Ct. 344, 74 L. Ed. 923. It was in the possession of the government when the libel was filed. But we do not consider whether, even though the seizure was illegal, the government might have adopted it and proceeded to forfeit the property, because, by the stipulation of the parties, the sole question submitted for determination was the legality of the search and seizure, and, in the event that that issue was determined in favor of the claimant, the decree was to be for it.

As unreasonable searches and seizures are the only kind which violate the Constitution, we are to examine the validity of the one which is relied upon to give jurisdiction here in the light of its reasonableness. As it was made without a search warrant, the government must needs support it by showing circumstances which made it reasonable without one. Obviously, in dealing with contraband housed in buildings not capable of escape from the officers and the jurisdiction by their mobility, as are automobiles, cases like Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790, holding searches without a warrant but upon probable cause to believe contraband is present in vehicles, are not conclusive. These officers had a reasonable opportunity to obtain a search warrant. No reason for their failure to do that can be perceived except the wholly inadequate one that it was, perhaps, less troublesome to them to proceed without it.

■ We are urged to hold that they had the right to search and seize as they did without a warrant because they made arrests in the premises. No other justification for such conduct is advanced. It was assumed upon the argument that the arrests were lawful, and we shall take that for granted. This calls up for consideration the effect of the undoubted right of an officer to search the person of him whom he lawfully arrests, Weeks v. United States, 232 U. S. 383, 392, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; and contemporaneously with the arrest to search the place in which it was made, Marron v. United States, 275 U. S. 192, 199, 48 S. Ct. 74, 72 L. Ed. 231; Carroll v. United States, supra at page 158 of 267 U. S., 45 S. Ct. 280, Agnello v. United States, 269 U. S. 20, 30, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; United States v. Kirschenblatt, 16 F.(2d) 202, 203 (C. C. A. 2). Such searches are reasonable when they are fairly within the category of mere incidents of the arrest for the purpose of securing the safety of the officers, as when concealed weapons may be possessed, or for getting the subject-matter or evidence of the crime for which the arrest has been made. They are unreasonable and, because so, unlawful, when the arrest may fairly be said to have been but an excuse for a general exploratory search. Such searches are uniformly without the law, whether conducted under the pretended authority of a search warrant or in the guise of a mere incident of a lawful arrest. Go-Bart Co. v. United States, 282 U. S. 344, 51 S. Ct. 153, 75 L. Ed. 374. As was pointed out at length in Boyd v. United States, 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746, the prohibition of the Fourth Amendment must be applied to concrete cases in the light of the evils it was intended to prevent. One of the things, which no great study of the history of the times which led to the adoption of this amendment will reveal, is an abhorrence of searches and seizures based on nothing but the desire to bring to light and into the clutches of the law whatever may, by chance, be found. No period of freedom from such an evil, however long it may be, should lull us into a false sense of security and lead us to permit this always necessary safeguard of liberty to be weakened in exchange for the temporary advantage of more thorough or certain enforcement of some law, however beneficial.

■ In the instance before us, seven warehouses were ransacked to their heart's content by officers who were looking for nothing in particular but for everything in general.

52

The utter futility of trying to reconcile such conduct with the provisions of the Fourth Amendment seems perfectly plain. It was a high-handed piece of business, however good the intent behind it may have been.

It is conceivable that these twenty-two persons may have been arrested at different times and in different places throughout these seven large buildings, and that a reasonable search at the time and place of each arrest would have included all that was done. That is not apparent from the record, and there is no occasion to put anything upon the possibility.

In the light of the circumstances disclosed, and every case must turn on its own special facts, this search and seizure was unreasonable and so forbidden by the Fourth Amendment. Federal Trade Commission v. American Tobacco Co., 264 U. S. 298, 44 S. Ct. 336, 68 L. Ed. 696, 32 A. L. R. 786; Go-Bart Co. v. United States, supra.

Decree reversed.