**UNITED STATES v. WILSON et al.**
No. 42175.

District Court, W. D. Washington, N. D.
June 13, 1932.

The jury having been waived and the case submitted, the court now makes the following findings:

That the Consumers' Compressed Yeast Company, Inc., is a California corporation, engaged in the sale of yeast, and during the time charged in the indictment the defendant Verner A. Cathro was its duly authorized agent, and had control and charge of the sales and distribution of yeast in the states of Oregon and Washington; that his principal place of business and activity was in the city of Seattle; that the defendant Wilson was a resident of the city of Seattle, and during the time charged in the indictment was engaged in the illicit manufacture and sale of alcoholic liquor; that this fact was known to the defendant Verner A. Cathro, agent of the defendant corporation, and he advanced money to Wilson in various sums, which were used to carry forward this unlawful enterprise; that Wilson was operating a still at 3511 East Columbia street in the city of Seattle; and that Cathro sold to Wilson large quantities of yeast made by the Consumers' Compressed Yeast Company and furnished to the defendant Cathro, its agent, for sale; that some of the yeast was delivered by the defendant Cathro in person to the defendant Wilson; and Cathro, likewise, furnished to Wilson credit for 11 sacks of sugar, which were purchased and used for this unlawful purpose; that he delivered, or caused to be delivered, 50 pounds of yeast at a time on "ten or fifteen" different occasions; that, after the place at 3511 East Columbia street was raided, November 5, 1931, the defendant Wilson constructed a still at Northrup, Wash.; that the defendant Cathro purchased or extended credit for copper sheets to the

defendant Wilson, which were built into distilling appliances; this was billed to the Consumers' Compressed Yeast Company, Inc., and was paid by the defendant Cathro. In accepting the order for the material for the construction of this appliance, it was signed: "Consumers' Compressed Yeast Company, Inc., by Cathro."

Cathro was at all times the manager and in exclusive charge of the business of the corporate defendant in the city of Seattle. More than 1,000 pounds of yeast were furnished to Wilson at Northrup during January and February, 1932.

The defendant Cathro, likewise, in rendering a statement to the Consumers' Compressed Yeast Company, Inc., included an item of $21, which read: "Entertainment—Liquor." This was paid by the Consumers' Compressed Yeast Company.

The yeast company does an exclusive yeast business in Seattle, and Cathro stated, at the time of his arrest, that he was instructed to build up a local business. He was paid a monthly salary of $275 per month; that all of the proceeds of the sale of the yeast were paid to the company.

Mr. Ferry, of the defendant yeast company, from California, testified that Cathro was a good salesman. Cathro, at the time of the sale of this yeast to Wilson, knew that Wilson was engaged in the illicit manufacture and sale of liquors, and that he was a "bootlegger." The sale of the yeast of the defendant company for the year 1931 was in excess of 300,000 pounds in the United States.

As a conclusion, the court must find that the defendant is guilty of conspiracy, as charged in count I; the other counts have been dismissed on motion of the United States attorney.

Anthony Savage, U. S. Atty., and Cameron Sherwood, Asst. U. S. Atty., both of Seattle, Wash.

John J. Sullivan, of Seattle, Wash., for defendants Cathro and Consumers' Compressed Yeast Co.

NETERER, District Judge (after stating the facts as above).

 A partner or a principal is not liable for the criminal acts of his associates, or of the agent, unless within the scope of the business or employment (8 R. C. L. 27); nor does mere relation of principal and agent or partnership, of itself, make the partner or principal liable for the criminal act of the associate or agent (16 Corpus Juris, 23); but, where the agent is employed to sell a compound containing qualities and substances designed or intended for use in the manufacture of alcoholic liquors, or is popularly known to contain such qualities and is used for the purpose, the principal must see that such compound is sold by the agent in harmony with, and not antagonistic to, or against, the sovereign will. The sovereign will or national law enters into and becomes a part of the contract of agency and employment, and the principal is bound to know the properties and elements of the article sold, and that it is not sold for the purpose of transgressing the sovereign will.

 The defendant knew the law, and it may not circumvent its liability by issuing rules of restricted conduct to its agents; that is not enough. And, if the agent is directed to sell a compound designed or intended for use in the manufacture of alcoholic liquors, and participates in the carrying forward of the unlawful purpose, the corporation is guilty, even though the commodity may be used in lawful enterprise as well. Danovitz v. United States, 281 U. S. 389, 50 S. Ct. 344, 345, 74 L. Ed. 923. Where a defendant has knowledge that another is promoting a violation of the prohibition law and in need of materials for furthering the enterprise, and such defendant, with such knowledge, furnishes the necessary materials for the purpose of forwarding the unlawful purpose, making it possible to accomplish the unlawful act, he is guilty. Pattis v. U. S., 17 F.(2d) 562 (9th C. C. A.); Justice Holmes, for the court, in Danovitz v. United States, supra, said: "As the purpose of the Prohibition Act was to 'suppress the entire traffic' condemned by the act, United States v. Katz, 271 U. S. 354, 357, 46 S. Ct. 513, 70 L. Ed. 986; Donnelley v. United States, 276 U. S. 505, 513, 48 S. Ct. 400, 72 L. Ed. 676, it should be liberally construed to the end of this suppression. * * *"

 In the instant case the defendant had, no doubt, knowledge of the sale and the purpose for which used, or at least such as to put a reasonable person on inquiry. Peterson v. U. S., 213 F. 920 (9th C. C. A.); State v. Louisville Railroad, 91 Tenn. 445, 19 S. W. 229; United States v. Brunett (D. C.) 53 F.(2d) 219.

 Freedom of conduct is a primary right, but, when this conduct infringes the sovereign will, the immunity to conduct is supplanted by the limiting power of the Congress for the common good, and is condemned. Grenada Lumber Company v. State of Mis-

sissippi, 217 U. S. 433, 30 S. Ct. 535, 54 L. Ed. 826. And, when the acts of the agent are in furtherance of, and in the course of his employment he sells a specially prepared commodity in the manner and method for the purpose shown, the act becomes actionable, and the penalty of the law becomes fixed against the defendant corporation, as well as the agent. See Aikens v. Wisconsin, 195 U. S. 104, 25 S. Ct. 3, 49 L. Ed. 154; Swift & Co. v. United States, 196 U. S. 375, 25 S. Ct. 276, 49 L. Ed. 518. Fidelity & Deposit Co. of Maryland v. Commonwealth of Pennsylvania, 240 U. S. 319, 36 S. Ct. 298, 60 L. Ed. 664.

That the Consumers' Compressed Yeast Company may be pursued in any jurisdiction where it transacts business through its authorized agents, and where the law is violated, which brings it within the restrictions of the law, is stare decisis.

Judgment accordingly.