## ISRAEL v. UNITED STATES.

### No. 4982.

Circuit Court of Appeals, Third Circuit.

Jan. 31, 1933.

Rehearing Denied March 4, 1933.

A. A. Vosburg and A. Floyd Vosburg, both of Scranton, Pa., for appellant.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Leo G. Knoll, Asst. U. S. Atty., of Scranton, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

Mamie Israel was a manufacturer of tinware. In her place of business there was sold a copper boiler or still "intended," as the government thought, for use in the unlawful manufacture of liquor. Under authority of sections 18 and 25, title 2 of the National Prohibition Act (27 USCA §§ 30, 39), Federal Prohibition Agents, having obtained a search warrant, seized and took from her 73 copper boilers or stills and a large number of articles that looked like liquor-making paraphernalia. From an order of the District Court discharging a rule upon the government to show cause why the search warrant should not be quashed and the goods returned, which we shall assume without deciding is a final order, Mamie Israel appealed, assigning two errors: One, that the court should have made the rule absolute because the articles are as susceptible of innocent use as of unlawful use; the other, that there is a complete lack of evidence on which the court could make a finding that they were designed for the manufacture of liquor and intended for unlawful use.

The first question is ruled by Danovitz v. United States, 281 U. S. 389, 50 S. Ct. 344, 74 L. Ed. 923, affirming Feitler v. United States (C. C. A.) 34 F.(2d) 30, in which it was held that mere possession of property capable of unlawful use, indeed, possession of property "designed" for the manufacture of liquor is not enough to meet the offense defined by section 25, title 2 of the act (27 USCA § 39), but as an inseparable part of the forbidden thing the property should also be "intended" "by the seller" "for use in violating" the Act. Weinstein v. United States (C.

C. A.) 293 F. 388. Such intent must be proved as an independent fact, Nosowitz v. United States (C. C. A.) 282 F. 575, and like any other fact may be proved by testimony of witnesses or by circumstances that speak for themselves, including, in some instances, the number and peculiarities of the things seized.

Coming to the question of evidence of intended unlawful use, which the appellant says is wholly lacking, it is permissible to look at the seized articles in the light of testimony which she herself produced, through Eli Israel, her "manager." They consist, first, of receptacles, of five to fifteen gallons capacity, which the witness described as "wash boilers." Some are round, some oblong. They are made of copper and are very expensive for wash boiler use, selling for forty-seven dollars apiece. Unlike wash boilers their lids are closed, yet they have an opening at the center with a screw cap connected up with a gooseneck. A wash boiler of this construction is unique.

The articles consisted, next, of copper rectifiers, brass still tops, goosenecks and fittings, lead and copper coils of different sizes, common instrumentalities in the organization of a still. It is difficult to imagine their use in connection with wash boilers.

The witness for the appellant, silent as to the use of rectifiers, explained that the receptacles (though described as wash boilers) were made and sold for the storage of oil, gas and water, that the copper coils were used for electrical refrigeration, and the goosenecks were "used to pour the contents out of the boilers." These explanations speak less convincingly than the articles themselves.

The search warrant, supported by affidavit as to probable cause and put in evidence, tells the government's story which, greatly compressed, is that a customer, addressing the appellant's foreman, who, because of his position in her employ and in view of the law in Nobile v. United States (C. C. A.) 284 F. 253; Heitler v. United States (C. C. A.) 280 F. 703 and Melendez v. United States (C. C. A.) 15 F. (2d) 770, we hold was the appellant's agent, asked for a still designed according to a plan he submitted; that the foreman disapproved of the plan, recommended one of their own make as better adapted to distilling whisky, and, taking one from stock in hand, sold it to him. If this testimony, found in the search warrant, be inadmissible because not open to cross-examination, as the appellant contends, there is

testimony produced by herself in the form of an affidavit of her foreman stipulated into the record which, while denying many of the allegations in the search warrant affidavit, admits the essentials that a man "came to him and submitted plans for a condenser, but that the deponent told him that the plans would not work and they had condensers in stock which would be much better; that the condenser was then picked out and taken away * * * and afterwards paid for." And, finally, "he did not know and was not informed that the condenser sold * * * was to be used for the unlawful manufacture of liquor." The testimony for the appellant in respect to the peculiar construction of the "condensers" in question and to the circumstances which surrounded the transaction of sale, taken in connection with the presence in the appellant's place of business of outfitting supplies for illicit distillers, offered for sale in such a mode as purposely to attract purchasers who want them for the unlawful manufacture of liquor, Danovitz v. United States, supra, is enough to sustain the court's finding of intended unlawful use.

The order below is affirmed.