## WHEELER v. UNITED STATES.

### (District Court, N. D. California. August 7, 1896.)

### No. 1,477.

CUSTOMS DUTIES—DRAWBACK—BEER BOTTLES.

    Imported bottles and corks, re-exported filled with beer made in this country, are not "materials * * * used in the manufacture of articles manufactured or produced in the United States," within the meaning of section 25 of the act of October 1, 1890; and the exporter is consequently not entitled, under that section, to a drawback of the duties paid.

This was a suit by Robert S. Wheeler to recover $180.83, under section 25 of the revenue act of October 1, 1890, commonly known as the "McKinley Act," claimed to be due plaintiff as a drawback on imported materials, to wit, corks and bottles, on which duties had been paid, which materials, it was alleged, had been used in the manufacture or production of articles manufactured or produced in the United States, to wit, in the manufacture of bottled beer, afterwards exported to foreign countries. The corks and bottles on which drawback was claimed did not, however, enter into the manufacture, strictly speaking, of the beer, but were simply the coverings or packages for it. Demurrer to the complaint. Demurrer sustained, and judgment for the United States.

Page, McCutchen & Eells, for plaintiff.

H. S. Foote, U. S. Dist. Atty., and Samuel Knight, Asst. U. S. Dist. Atty.

MORROW, District Judge (after stating the facts). This case comes up on a demurrer to the complaint. The plaintiff claims $180.83 drawback on imported materials, on which duties have been paid, which materials, it is alleged, have been used in the manufacture or production of articles manufactured or produced in the United States, to wit, on corks and bottles used in the manufacture of bottled beer, afterwards exported to foreign countries. The allegations of the complaint, so far as they are material to a clear understanding of the points raised by the demurrer, are substantially as follows: On or about the 26th day of May, 1893, the plaintiff, being about to export from the port of San Francisco to a foreign country, to wit, Mexico, a certain consignment of bottled beer, or beer in bottles, amounting to 205 packages, containing each 60 pints, for the purpose of securing to himself the right of receiving a drawback on the imported materials whereof the same were made, filed with the collector of the port and revenue district of San Francisco an entry, in triplicate, stating where such merchandise was deposited, naming the conveyance by which, and the country to which, the same was to be exported, fully describing the said merchandise by marks and numbers, and identifying the materials used in the manufacture of

the same in precise accordance with the regulations prescribed therefor, and executed and delivered to the said collector a bond for the production of such proofs of delivery outside the limits of the United States as required in said regulations; that said article, to wit, the consignment of bottled beer or beer in bottles, was in fact thereafter exported to the said foreign state, and was not, nor was any part thereof, thereafter relanded in the United States; that a certificate of said facts, as required by the said regulations, was thereafter delivered to the said collector, and is now on file in his office; that the said article so exported as aforesaid was manufactured and produced in the United States almost wholly from imported materials,—that is to say, all the materials which went into the manufacture or production of the said bottled beer, to wit, the rice, barley, hops, bottles, and corks, were imported materials, on which duties had been paid; that the plaintiff has requested that he be allowed a drawback on all of said imported materials, but that said collector has refused to allow him any drawback whatever on said imported bottles and corks, or on any of the said materials other than the said rice, hops, and barley. The plaintiff claims a drawback under the provisions of section 25 of the act of congress approved October 1, 1890, entitled "An act to reduce the revenue and equalize duties on imports, and for other purposes," commonly known as the "McKinley Act" (26 Stat. 567); and in accordance with certain regulations made thereunder by the secretary of the treasury on November 15, 1890. Section 25, omitting such parts as are immaterial to the present inquiry, provides:

"That where imported materials on which duties have been paid, are used in the manufacture of articles manufactured or produced in the United States, there shall be allowed on the exportation of such articles a drawback equal in amount to the duties paid on the materials used, less one per centum of such duties. * * * That the imported materials used in the manufacture or production of articles entitled to drawback of customs duties when exported shall in all cases where drawback of duties paid on such materials is claimed, be identified, the quantity of such materials used and the amount of duties paid thereon shall be ascertained, the facts of the manufacture or production of such articles in the United States and their exportation therefrom shall be determined, and the drawback due thereon shall be paid to the manufacturer, producer, or exporter, ·to the agent of either or to the person to whom such manufacturer, producer, exporter or agent shall in writing order such drawback paid, under such regulations as the secretary of the treasury shall prescribe."

The district attorney has filed a demurrer to the complaint on two grounds, as follows: (1) That the court has no jurisdiction of the subject of the action; (2) that the petition and complaint do not state facts sufficient to constitute a cause of action against the defendant. The complaint certainly appears to be defective in failing to aver, under section 3017, Rev. St. U. S., that the merchandise or articles on which a drawback is claimed were exported within three years from the importation of the same, and in failing to allege that the plaintiff had complied with the requirements of article 769 of the treasury regulations, framed in pursuance of section 25 of the McKinley act, which require that he should state that either he imported the merchandise in question, or else filed with the collector, where drawback entry is made, due proof of the delivery or tracing

of such materials from the importer thereof to him, as manufacturer. These defects might be cured, however, by amendment; and, as the objection, directed to the sufficiency of the complaint on other grounds, if sound, will probably dispose of the case upon the objection that corks and bottles are not materials that enter into the manufacture of bottled beer, this decision will be based on that ground of demurrer alone.

It is contended by the district attorney that the section under consideration refers only to those materials or ingredients which enter into, and form a part of, the article manufactured or produced in the United States, as, for instance, the rice, hops, and barley out of which the beer is made, but that it does not comprehend corks and bottles, which are but the coverings for the beer when manufactured or produced, and that, therefore, the latter are not entitled to a drawback. The treasury department, in its rulings on this question, has held that section 25, in giving a drawback, does not apply to corks, bottles, or tin foil imported and used for bottling purposes in this country, and subsequently exported, but that it has reference exclusively to the ingredients out of which an exported article is manufactured or produced. See the following decisions of the treasury department: No. 10,301 (Oct. 28, 1890), Synopsis of Decisions for 1890, p. 447; No. 13,851 (March 24, 1893), Synopsis of Decisions for 1893, p. 257; No. 13,921 (April 15, 1893), Id. p. 328. In the case of U. S. v. Allen, 16 Sup. Ct. 1071, 163 U. S. 499, before the supreme court on a writ of certiorari to the United States circuit court of appeals for the Ninth circuit, the question involved was the right of the defendant in error to recover the amounts of certain alleged drawbacks of duty on importations of bituminous coal which had been supplied to a vessel of the United States regularly engaged in the coasting trade between sundry ports in Northern California. In the course of his opinion, Mr. Justice White, in touching upon the meaning of the word "materials" as used in section 25, said:

"An added circumstance weighing against the construction that the proviso was intended to continue the drawback in question is the fact that the rule laid down in the proviso for determining the amount of drawback evidently had relation to articles manufactured from 'materials,' and not to a raw material like coal, in the production of which no materials are used which enter into, and form a part of, the product."

This language clearly determines that the section relates to materials from which articles of exportation are manufactured or produced, and not to their coverings or packages. The demurrer will therefore be sustained, and a judgment entered in favor of the United States.