(C.D. 2116)

JOHN S. JAMES, A/C THE CONSOLIDATED PACKAGING CORPORATION
*v.* UNITED STATES

United States Customs Court, Second Division

(Decided September 16, 1959)

Hitch, Miller and Beckmann (Robert M. Hitch of counsel) for the plaintiff.
George Cochran Doub, Assistant Attorney General (Mollie Strum, trial attorney), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

FORD, Judge: The merchandise, the subject of this suit, consists of a high-speed machine used for packaging 2-pound bags of sugar. The collector of customs levied and collected duty at the rate of 13¾ per centum ad valorem under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides as follows:

Articles having as an essential feature an electrical element or device, * * *, wholly or in chief value of metal, and not specially provided for:

| * | * | * | * | * | * | * |
|---|---|---|---|---|---|---|

Other * * * _____ 13¾% ad val.

It is contended by plaintiff that the involved sugar-packing machines are properly entitled to entry free of duty under paragraph 1604 of the Tariff Act of 1930 which provides for "machinery for use in the manufacture of sugar."

There appears to be no dispute that the involved machines were designed for and specifically used for the packaging of sugar. Accordingly, plaintiff, in his brief, relies upon this court's opinion in the case of Savannah Sugar Refining Corp. and Hensel Bruckmann & Lorbacher, Inc. v. United States, 29 Cust. Ct. 88, C.D. 1450. That case involved a Servo duplex weigher, which was a machine designed for and used exclusively in sugar refineries to automatically weigh, meter, and record the amount of sugar entering into a refinery, and thereby contributed to the operating efficiency of a sugar refinery.

This court, applying the doctrine enunciated in the case of United States v. American Express Co., 6 Ct. Cust. Appls. 494, T.D. 36124, held such machines to be entitled to entry free of duty under the provision for "machinery for use in the manufacture of sugar."

The American Express Co. case, supra, involved certain devices used to sharpen the knives of beet-cutting machines, which were held to be within the provision for "machinery for use in the manufacture of sugar." In arriving at this result, the court of appeals indicated that, generally speaking, the enactment by Congress of this provision was intended to favor the sugar-making industry and give the benefit of

free entry to all machinery peculiar to and chiefly or exclusively used by sugar factories.

It is the position of the defendant that packaging machinery was not intended to be included within the provision for machinery for use in the "manufacture" of sugar, since the operation of packaging is utilized after the sugar *per se* has been manufactured.

Although the provision involved herein does not appear on its face to be ambiguous, an examination of the Summary of Tariff Information, 1929, on Tariff Act of 1922, title II, schedule 15, free list, appears to corroborate the position of the defendant. At page 2174, the following information relative to sugar manufacturing machinery is contained:

**Description and uses.**—Sugar-mill machinery includes rolls for crushing cane and extracting the juice, filter presses, tanks, coils, and evaporators, and centrifugal machines for separating the molasses from sugar. In beet-sugar manufacture the crushers used in cane-sugar production are replaced by washers, slicers, and tanks for extracting the sugar with hot water.

The Summaries of Tariff Information, volume 16, free list, part I, 1950, is further indicative of the type of machinery intended to be covered by said paragraph 1604, *supra*, and, at page 73, makes the following comment:

This summary covers all types of sugar-manufacturing machinery, which includes equipment used in processes ranging from the preparation of the raw stock to the refining of the sugar. Some of the equipment is standardized and some is specially designed and constructed for particular plants. Among the many kinds of machines used in the manufacture of sugar are cane knives, cane crushers and shredders, cane mills, beet slicers and diffuser tanks, juice heaters, carbonation tanks, filters, evaporators, vacuum pans, centrifugal machines, melting tanks, driers, sifters or graders, and grinding and cubing equipment.

The question, therefore, presented to the court is whether sugar-packing machinery is machinery for use in the manufacture of sugar, as that term is employed in the free provision.

In the case of *Joseph Schlitz Brewing Company* v. *United States*, 181 U.S. 584, 45 L. ed. 1013, the Supreme Court held that certain imported bottles and corks were not entitled to drawback of duties when exported filled with beer produced in the United States. The Court, in arriving at this conclusion, made the following comments:

In our view, the question presents no difficulty whatever. Under the statute, the drawback is allowed only upon "imported materials * * * used in the manufacture of articles manufactured or produced in the United States," and subsequently exported. By this is undoubtedly meant that the imported materials must enter into and form one of the ingredients of the manufactured article, as did the hops and barley upon which the drawback was allowed, and properly allowed, by the court of claims. * * * Neither are they ingredients used in the manufacture of exported or any other kind of beer, in any proper sense of the term, but simply the packages which the manufacturer, for the purposes of export, sees fit, and perhaps is required, to make use of for the proper preservation

of his product. Bottled beer is still beer, made of the same ingredients as ordinary beer, though made with greater care, and to speak of the bottles and corks as ingredients of the beer is simply an abuse of language.

In the case of *Beadleston et al.* v. *United States*, 104 Fed. 295, involving a situation similar to the *Schlitz* case, *supra*, the court stated that "Mere cases or coverings are not deemed a part of the 'article exported,' and do not enter into its 'manufacture.' " The court cited as authority *Wheeler* v. *United States*, 75 Fed. 654.

Of more recent date is the decision in *United States* v. *Samuel Dunkel & Co., Inc.*, 33 C.C.P.A. (Customs) 60, C.A.D. 317, which involved the question of drawback on the exportation of 1-pound tins of Argentine butter, which had been imported in 56-pound boxes. Upon importation, the butter was forced through a die and came out in the form of a roll. The roll was then cut to enable it to fit in a 1-pound cylindrical tin can and, as such, was exported. The appellate court held the merchandise was not entitled to drawback, since the mere change of shape or form—or the packaging—did not constitute a manufacture.

Although the above-cited cases involve drawback and do not relate to paragraph 1604, *supra*, involved herein, the principle of law enunciated therein that packaging does not constitute a manufacture, is controlling in the instant case. In addition thereto, the type of machinery contemplated by Congress to be within the purview of paragraph 1604, *supra*, although said paragraph was without question enacted to generally favor the sugar industry, includes only those machines used in the manufacture of sugar *per se*.

Based upon the foregoing, we are of the opinion that the involved sugar-packaging machine is not within the purview of the provision for "machinery for use in the manufacture of sugar," contained in paragraph 1604 of the Tariff Act of 1930. Plaintiff not having overcome the presumption of correctness attaching to the collector's classification, the protest is overruled.

Judgment will be rendered accordingly.