Before the Second Division, August 31, 1960

No. 64481.—John S. James, a/c The Consolidated Packaging Corporation *v.* United States, protest 317045–K (Savannah).

Ford, Judge: This case was originally decided by this court in *John S. James, a/c The Consolidated Packaging Corporation* v. *United States*, 43 Cust. Ct. 133, C.D. 2116, in favor of the defendant. Counsel for plaintiff thereafter filed a motion for a rehearing which was duly granted by the court.

The collector of customs assessed duty at the rate of 13¾ per centum ad valorem under the provisions of paragraph 353 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, on certain high-speed machines designed for packaging 2-pound bags of sugar.

Plaintiff claims the involved machine is entitled to entry free of duty under paragraph 1604 of the Tariff Act of 1930, which provides for "machinery for use in the manufacture of sugar."

At the original hearing, this case was submitted on a stipulation of fact. From these facts, we held in C.D. 2116, *supra*, that "There appears to be no dispute that the involved machines were designed for and specifically used for the packaging of sugar." At the rehearing, plaintiff produced as witnesses in its behalf Frank M. Exley and Frank Chapman, who in effect corroborated our previous conclusion. In addition thereto, their testimony indicated that the involved machines really consisted of two integrated machines, one consisting of a very accurate scale and the other performing the function of packaging the sugar.

In our original decision in this matter, we reviewed and considered the cases of *Savannah Sugar Refining Corp.* and *Hensel Bruckmann & Lorbacher, Inc.* v. *United States*, 29 Cust. Ct. 88, C.D. 1450, which involved a so-called Servo duplex weigher which automatically weighed, metered, and recorded the amount of raw sugar entering into a refinery; and *United States* v. *American Express Co.*, 6 Ct. Cust. Appls. 494, T.D. 36124, involving devices used to sharpen the knives of beet-cutting machines, both of which cases held the merchandise to be entitled to entry free of duty under the provisions for "machinery for use in the manufacture of sugar."

After reviewing the cases of *Joseph Schlitz Brewing Company* v. *United States*, 181 U. S. 584, 45 L. ed. 1013, and *Beadleston et al.* v. *United States*, 104 Fed. 295, citing as authority *Wheeler* v. *United States*, 75 Fed. 654, and *United States* v. *Samuel Dunkel & Co., Inc.*, 33 C.C.P.A. (Customs) 60, C.A.D. 317, involving the term "manufacture," as utilized in the drawback statute, we held that packaging did not constitute a manufacture and further held that the type of machinery contemplated by Congress to be within the purview of paragraph 1604, *supra*, was to include only those machines used in the manufacture of sugar *per se*.

Counsel for plaintiff now asks us to reexamine our interpretation of the word "manufacture" and cites the following from the decision of Mr. Justice Holmes in the case of *Danovitz* v. *United States*, 281 U.S. 389, 74 L. ed. 923:

\* \* \* But the word may be used in a looser way to express the whole process by which an article is made ready for sale on the open market. \* \* \*

An examination of this case indicates that the single question presented was whether property seized was forfeitable under Section 25, Title II, of the National Prohibition Act. The Court, in arriving at its conclusion in that case, and after stating the above-quoted portion made the following statement:

* * * As the purpose of the Prohibition Act was to "suppress the entire traffic" condemned by the Act, *United States* v. *Katz*, 271 U.S. 354, 357, *Donnelley* v. *United States*, 276 U.S. 505, 513, it should be liberally construed to the end of this suppression, and so directs. * * *

It is apparent from the above-cited portion of the decision in the *Danovitz* case, *supra*, that the Supreme Court, in arriving at its conclusion, considered the intent of Congress in enacting the legislation. A review of the Summaries of Tariff Information, quoted in our original decision, C.D. 2116, *supra*, leads us to the conclusion that the type of machinery involved herein was not intended to be covered by the provisions of paragraph 1604 of the Tariff Act of 1930, as claimed herein by plaintiff. The list of the machines contained therein relates to the preparation of raw sugar as distinguished from the refined, finished product. Since the machine involved herein performs a function on the refined sugar, it does not appear to be covered by the provisions of paragraph 1604 of the Tariff Act of 1930.

In view of the foregoing and for the reasons set forth in C.D. 2116, *supra*, we are of the opinion that plaintiff has failed to establish that the involved merchandise is entitled to entry free of duty as "machinery for use in the manufacture of sugar." Accordingly, the protest is overruled. Judgment will be rendered accordingly.